HERMAN FREIBERG AND CHRIST. ROTHWEILER v . LORENZO CODY AND GEORGE MOORE.

*Banks—Delay in presenting cheque for payment.*

A cheque for a small sum was given late in the afternoon at a lumber camp twenty miles from the place where the bank was, to a merchant whose place of business was twenty-seven miles by rail in another direction and who had to be there on the following day which was Saturday. On Monday he left the cheque at the local bank for collection but the other bank failed early that day. *Held*, that the delay in presenting the cheque for payment was not such as would release the debt for which it was given.

Error to Osceola. (Judkins, J.) Oct. 8.—Oct. 15.

ASSUMPSIT. Defendant brings error. Affirmed.

*R. Cooper* and *C. M. Beardsley* for appellants. Laches is a question of law where the facts are, undisputed: *Mohawk Bank v. Broderick* 13 Wend. 133; *Walsh v. Dart* 23 Wis. 335; *Gilmore v. Wilbur* 12 Pick. 124; *Holbrook v. Burt* 22 Pick. 555; *Aymar v Beers* 7 Cow. 709; *Gough v. Staats* 13 Wend. 552; giving a cheque is an absolute appropriation of money in the banker's hands and the maker cannot withdraw the amount after giving the cheque: *Chapman v. White* 2 Seld. 412; *Conroy v. Warren* 3 Johns. Cas. 264; *Morrison v. Bailey* 5 Ohio St. 13; *Hoyt v Seeley* 18 Conn. 353; a cheque should be presented on the day it is received, or the next day, when the parties live in the same place; and sent by mail if they live in different places: *Smith v. Janes* 20 Wend. 192; *Mohawk Bank v. Broderick* 10 Wend. 308; *Jones v. Heliger* 36 Wis. 153; *Cork v. Bacon* 45 Wis. 192; Chitty on Bills (10th ed.) §§ 386, 387, 513; *Darnall v. Morehouse* 45 N. Y. 64; Morse on Banking (2d ed.) 280–6.

*Holden & Withey* for appellees.

SHERWOOD, J. The plaintiffs in this case were merchant tailors and lived in Reed City. The defendants were engaged in lumbering business and lived in Missaukee county, and had their lumber camp about twenty miles northeast of Cadillac. Reed City is about twenty-seven miles south of Cadillac, on the Grand Rapids & Indiana Railroad. On the first day of November, the defendant Moore, being at the lumber camp, gave to the plaintiff Rothweiler the defendant's check on Rice & Messmore's Bank at Cadillac for $66, about 4 o'clock in the afternoon. Rothweiler immediately thereafter went to the Cadillac bank, arriving about 6 o'clock in the evening, and after the bank had closed for the day; and being unable to present the check before the opening of the bank next morning, tried to obtain the money of parties in Cadillac, during the evening, on the check, but was unable to do so; not, however, from any distrust of the bank's ability to pay, it being in good repute.

Rothweiler had been absent from his business at his home in Reed City, about a week, and having pressing engagements at home, was obliged to leave Cadillac at 6 o'clock next morning, and before the opening of the bank, and did

so. The next day was Sunday, and on Monday morning he placed the check in Loase's Bank, at Reed City, for collection, and on the following day was informed the check had been presented and payment refused; that the bank at Cadillac had failed on Monday, about 10 o'clock.

The defendants had $2500 on deposit in the Cadillac bank from the time the check was drawn up to the time of its failure. The defendants claim there was such negligence and delay on the part of plaintiffs in presenting the check as to relieve them from liability on account of the failure of the bank.

On the trial the plaintiffs obtained a verdict in their favor, and had judgment. The circuit judge submitted the question of negligence in the presentation of the check, to the jury. There was testimony offered tending to excuse the delay, and the case was therefore properly submitted to the jury upon that point, and the defendants' first, third and fourth exceptions were not well taken. The defendants' second request was substantially given to the jury; at least, so much thereof as was needful for their proper consideration of the question presented. The charge of the court was full and well considered, and presents the law applicable to the case correctly.

In this case the check was given in a rural district, twenty miles distant from the place of payment, and not in time to reach the bank before it closed that day. Pressing business of plaintiffs prevented the holder from presenting it the following day, and the next day was Sunday, and on Monday morning he placed it in the local bank for collection. We think the delay shown, under the circumstances disclosed in the record, not unreasonable.

In cases where the parties to a check are doing business in the same city where the bank is located, the time within which the holder should present the instrument for payment seems to be very well settled, but in a case like the present the presentation must be made within a reasonable time, taking all the circumstances in consideration, and when no more time is taken than is fairly required in the usual and ordinary

course of business, special inconvenience and special circumstances considered, the holder, in case of failure of the bank upon which the check is drawn, before presentation, should not be held to suffer the loss. *Phœnix Ins. Co. v. Allen* 11 Mich. 501 ; *Nutting v. Burked* 48 Mich. 241.

The judgment is affirmed. ˙

The other Justices concurred.