Hon. T. O. C. HARRISON, } JUDGES.
Hon. T. L. NORVAL,

Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } COMMISSIONERS.
Hon. FRANK IRVINE,

---

WESTERN WHEELED SCRAPER COMPANY V. F. J. SADILEK.

50 105|
62 343!

FILED JANUARY 7, 1897. No. 6962.

1. **Bank Checks:** PRESENTMENT. A customer's bank check is not intended for circulation as a medium of exchange, and should be presented for payment with the dispatch consistent with the circumstances of the case and the transaction of other commercial business. (*First Nat. Bank of Wymore v. Miller*, 37 Neb., 500.)

2. ——: ——: COLLECTION: NEGLIGENCE: AGENCY. A bank which undertakes the collection of a customer's check is guilty of negligence in sending it for payment direct to the drawee bank, provided there is in the same town another bank in good standing.

3. ——: ——: PAYMENT: NOTICE. A bank receiving for collection a customer's check is required to pay the same upon the receipt thereof during business hours, or to promptly give notice of its dishonor in order to charge the drawer and indorsers thereof.

4. ——: ——: ——: ——. *Held,* from an examination of the

(105)

evidence, that prejudice to the defendant as drawer of the check which is the subject of controversy will be presumed from the failure to give notice of its dishonor, there being to his credit therein sufficient funds for its payment, the drawee bank having in the meantime become insolvent.

5. County Treasurers: BANK DEPOSITS: COLLATERAL ATTACK. The authority of a county treasurer to deposit for safe keeping in bank the funds entrusted to his care cannot be questioned in a strictly collateral proceeding.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

The opinion contains a statement of the case.

*Hastings & McGintie*, for plaintiff in error:

Whether there was due diligence in presenting the check for payment was a question for the jury. (*Johnson v. Missouri P. R. Co.*, 18 Neb., 690; *Atchison & N. R. Co. v. Bailey*, 11 Neb., 332; *Sioux City & P. R. Co. v. Stout*, 17 Wall. [U. S.], 657; *Detroit & M. R. Co. v. Van Steinburg*, 17 Mich., 99; *Fox v. Spring Lake Iron Co.*, 50 N. W. Rep. [Mich.], 872; *Jucker v. Chicago & N. W. R. Co.*, 8 N. W. Rep. [Wis.], 862; *Dailey v. Linnehan*, 40 N. W. Rep. [Minn.], 250; *Park v. O'Brien*, 23 Conn., 338; *Paine v. Kohl*, 14 Neb., 580.)

Plaintiff was entitled to recover the amount claimed in the petition. (*Frieberg v. Cody*, 20 N. W. Rep. [Mich.], 813; *Nebraska Nat. Bank v. Logan*, 29 Neb., 278.)

A county treasurer can only pay county obligations in cash. (*Cedar County v. Jenal*, 14 Neb., 254; Compiled Statutes, ch. 18, secs. 91, 92; *State v. Keim*, 8 Neb., 67; *First Nat. Bank v. Gandy*, 11 Neb., 431.)

*F. I. Foss* and *W. R. Matson*, contra:

Plaintiff was bound to present the check within a reasonable time. (*Woodruff v. Plant*, 41 Conn., 344; 3 Randolph, Commercial Paper, sec. 1103; Chitty, Bills, 333, 435; *Smith v. Janes*, 20 Wend. [N. Y.], 192; *First Nat. Bank of Wymore v. Miller*, 37 Neb., 500.)

The Aurora bank was responsible for the negligence of its agent, the drawee, Bank of Western. (Morse, Banks & Banking, secs. 236, 271; *National Bank of Pawnee v. Sprague*, 34 Neb., 318; *Merchants Nat. Bank v. Goodman*, 109 Pa. St., 422; *Drovers' Nat. Bank v. Anglo-American Packing & Provision Co.*, 117 Ill., 100; *Titus v. Mechanics Bank*, 6 Vroom [N. J.], 588; *Whitney v. Esson*, 99 Mass., 308; *Briggs v. Central Nat. Bank*, 89 N. Y., 182; *Charlotte Iron Works v. American Exchange Bank*, 34 Hun [N. Y.], 26; *Hyde v. First Nat. Bank*, 7 Biss. [U. S.], 156; *Ætna Ins. Co. v. Alton City Bank*, 25 Ill., 243; *Stacy v. Dane County Bank*, 12 Wis., 629; *Fabens v. Mercantile Bank*, 23 Pick. [Mass.], 330; *Strong v. King*, 35 Ill., 11.)

POST, C. J.

This was an action by the Western Wheeled Scraper Company, hereafter called the plaintiff, against F. J. Sadilek, hereafter called the defendant, in the district court for Saline county. A trial was had of the issues joined by the pleadings, resulting in a verdict for the defendant in accordance with the peremptory direction of the court. A motion for a new trial having been overruled and judgment entered upon the verdict so rendered, the cause has been removed into this court for review upon allegations of error by the plaintiff company.

Among the facts established by the pleadings and proofs, and as to which there is no dispute, are the following, viz.: On the 15th day of June, 1891, a county warrant was in due form issued to the plaintiff for $330, being the amount of a claim previously allowed and payable out of the road fund of Saline county. On the 10th day of August, 1891, the plaintiff company, whose place of business was in the city of Aurora and state of Illinois, addressed to John N. Van Duyn, county clerk of said county, the following communication:

"*John N. Van Duyn, County Clerk, Wilber, Neb.*—DEAR SIR: Our Mr. Arnett informed us some time ago that your county had allowed our claim for $330.  *  *  *

If the warrant has been issued, we hereby authorize you to receipt for warrant. If there is money on hand to pay the warrant, kindly send us draft for the am't. If not prepared to pay, please have warrant presented and registered so that it will be paid in its turn. We enclose bill herewith. Yours truly,

"WESTERN WHEELED SCRAPER CO."

On August 12, 1891, said warrant was by Mr. Van Duyn, as agent for the plaintiff company, presented for payment to the defendant as county treasurer and indorsed "Not paid for want of funds," and afterward on the same day the defendant, as county treasurer, drew his check to the order of plaintiff for the sum of $330, upon the Bank of Western, situated at the village of Western, in said county, and in which he, as such county treasurer, had then ample funds. Mr. Van Duyn, to whom said check was delivered, on the day of its date, forwarded the same to the plaintiff, who received it through the mail at Aurora on the 14th day of August. On the succeeding day, to-wit, August 15, the check in question was by the plaintiff deposited in the Second National Bank of Aurora, by which it was on the same day forwarded for collection and returned to the Bank of Western. Said check was on the 17th day of August received by the Bank of Western and has not been paid, although said bank continued open for the transaction of business until August 19, on which day it was closed by order of the state banking board, and is now insolvent. The village of Western is situated about twenty miles distant from Wilber, the defendant's home, and about five hundred miles from the city of Aurora. It has railroad and telegraph connection with both places named, and there was at the date in question another bank thereat in good standing. In addition to the foregoing, it is shown that the time required for the transmission of letters by mail between Aurora and Western does not exceed twenty-four hours, from which the inference necessarily arises that the check forwarded by the Aurora bank on the 15th was

received by the Bank of Western during business hours on the 17th.

Is the defendant in this action answerable for the loss resulting from the failure of the last named bank? We think not. There is eminent authority for the proposition that a bank which undertakes the collection of a customer's check is guilty of inexcusable negligence in sending it direct to the drawee bank instead of through the agency of a third person, provided loss ensue through the failure of such drawee. (*Merchants Nat. Bank v. Goodman*, 109 Pa. St., 422; *Drovers Nat. Bank v. Anglo-American Packing & Provision Co.*, 117 Ill., 100; *Anderson v. Rodgers*, 53 Kan., 542; *First Nat. Bank of Corsicana v. City Nat. Bank of Dallas*, 34 S. W. Rep. [Tex.], 459; *German Nat. Bank v. Burns*, 12 Colo., 539; *First Nat. Bank of Evansville v. Fourth Nat. Bank of Louisville*, 6 C. C. A., 183; 1 Daniel, Negotiable Instruments, sec. 328*a*.) The principle recognized in the foregoing authorities is that no party, whether a corporation, firm, or individual, can, in contemplation of law, be deemed a suitable agent to enforce in behalf of another a claim against itself. But independent of the rule there stated, the defendant was discharged in consequence of the negligence of plaintiff's chosen agent, the Bank of Western. A customer's check is, in the first place, not designed for circulation as a medium of exchange, and should be presented for payment with the dispatch and diligence consistent with the circumstances of the case and the transaction of other commercial business. (*First Nat. Bank of Wymore v. Miller*, 37 Neb., 500.) In the second place, it was the duty of the drawee bank to promptly pay the check upon receipt thereof for collection, or to give notice of its dishonor, in order to charge the drawer and indorsers. (*Wood River Bank v. First Nat. Bank of Omaha*, 36 Neb., 744.) Time may be necessary, it is true, for the drawee bank to examine its books in order to ascertain the condition of the drawer's account, but in the absence of evidence to the contrary it will be presumed that the officers

of the bank were aware of the fact conclusively established by the record, viz., that the defendant had therein to his credit at all times from the 12th to the 19th of August, inclusive of both dates, ample funds for the payment of the amount called for.    The check was, therefore, as held in *Wood River Bank v. First Nat. Bank of Omaha, supra,* dishonored on the 17th, and the defendant, as drawer, was entitled to notice by the first regular mail, on the 18th.    (3 Kent, Commentaries, 105; 1 Daniel, Negotiable Instruments, sec. 1039, and cases cited.)    It is no answer to say that the defendant is not prejudiced by the neglect to give notice, since he might, had he been promptly advised of the non-payment of his check, by means of legal process have anticipated the impounding of the bank by the state, and for the further reason that it is an implied condition of the contract of the drawer or indorser that he shall be promptly notified of the non-payment or non-acceptance of the bill.

Counsel for the plaintiff indulge in some criticism upon the action of the defendant on account of the deposit in bank of the county funds, and the payment of the warrant after having been indorsed "Not paid for want of funds."    To the first criticism a sufficient answer is that neither the validity nor propriety of the defendant's action in depositing the funds entrusted to his care can be questioned in this collateral proceeding.    The other circumstance which is made the subject of criticism, although not material to the issues, is explained by the fact that the road fund, against which plaintiff's account was chargeable, was overdrawn at the date of the warrant, and that said warrant was, with plaintiff's knowledge and consent, paid by the defendant out of other funds belonging to the county.    There is no error in the record and the judgment is

AFFIRMED.