PLOVER SAVINGS BANK, Appellee, v. R. G. MOODIE, Appellant.

**Banks and banking:** CHECKS: PRESENTMENT: DELAY: DISCHARGE
1 OF INDORSER.  It is only necessary to hold an indorser of a bank check that it be presented for payment within a reasonable time after issue or its last negotiation; so that where a check was indorsed to a bank and forwarded through correspondent banks for collection, presentation for payment was not so unnecessarily delayed as to discharge an indorser from liability.

**Same:** PRESENTATION FOR PAYMENT: NEGLIGENCE.  The fact that the
2 holder of a bank check sends the same for collection direct to the bank on which it is drawn instead of selecting a third person to present the same and demand payment, is not such negligence as will discharge an indorser, where no prejudice is shown to have resulted from such method of presentation.

**Presentation of checks:** KNOWLEDGE OF CUSTOM.  One who indorses
3 and negotiates a bank check cannot rely on his want of knowledge of the usage or custom of banks, relating to presentation for payment, to defeat his liability thereon.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, DECEMBER, 15, 1906.

SUPPLEMENTAL OPINION, THURSDAY, OCTOBER 24, 1907.

THE opinion states the case.— *Affirmed.*

*Lynch & Berry* and *C. E. Cohoon,* for appellant.

*McCarty & McCarty,* for appellee.

WEAVER, J.—On March 8, 1903, one C. F. Scholer, who was a depositor in the Greenville Bank, doing a banking business at Greenville, Clay county, Iowa, made and delivered to one Claude Heathman his check on said bank payable to the order of said Heathman for the sum of $50; and thereafter on March 12, 1903, said Scholer made and delivered to said Heathman another similar check on the same bank for the further sum of $50. On or about the last-mentioned date Heathman indorsed and delivered both checks to the appellant. On Friday, March 13, 1903, near the close of business hours, the appellant indorsed and delivered the checks to the appellee bank which was doing business at Plover, in Pocahontas county, Iowa, and received in exchange therefor a certificate of deposit for $100. which was afterward paid. While the towns of Plover and Greenville are but forty-five miles apart they are on different lines of railway, and the course of the mails between them is quite indirect, and had the appellee forwarded the checks by letter to the Greenville Bank on Saturday they would probably not have reached their destination until after banking hours on Monday, March 16th. Instead of sending them direct to Greenville, the appellee, following its customary method in such matters, sent the checks to its correspondent, the Des Moines Savings Bank at Des Moines, Iowa, by the first mail in that direction on Saturday, March 14th. On Monday, March 16th, the Des Moines Savings Bank forwarded the checks to their correspondent the Citizens' State Bank at

Spencer, Clay county, Iowa, where they were received on March 17th. On the same day the Citizens' State Bank turned the checks over to the Citizens' National Bank of Spencer, which was the local correspondent of the Greenville Bank. On the following day, March 18th, the Citizens' National Bank forwarded them direct to the Greenville Bank. The daily mail from Spencer to Greenville does not leave until some time in the afternoon, and if the checks reached Greenville on March 18th, as they doubtless did, it was after banking hours, and were not received by the bank until the morning of March 19th. Prior to this date, probably about March 16th or 17th, the drawer had stopped payment on the checks claiming that they had been procured from him by fraud, and acting upon this notice the Greenville Bank on March 19th declined to honor them, and caused them to be duly protested. Thereupon, the appellee instituted this action at law to recover upon the appellant's indorsement of the checks. The appellant answered denying liability upon said indorsement because of appellee's alleged negligence in presenting the checks for payment. Other defenses pleaded are not urged in argument, and we need not consider them. In addition to these matters it was also shown in evidence, without substantial dispute, that the method adopted by appellee and by the several correspondents mentioned in forwarding the paper for presentation and demand of payment was in accordance with the general custom prevailing among banks in dealing with checks drawn on other banks not doing business in the same city or town, and cashed by the receiving bank. No evidence was offered tending to show that either of the banks, receiving these checks after their indorsement by appellant, failed to forward them on their way on the day of the receipt or on the following day, except possibly in the case of the Des Moines Savings Bank, and the day there intervening, if any, was Sunday. At the close of the testimony offered on the trial, the court sustained a motion to direct a verdict for the plain-

tiff for the amount of the checks with interest, and from the judgment entered on such directed verdict the defendant appeals.

The single question to be determined is whether this record presents a case in which a verdict for the defendant, if one had been returned, could properly be permitted to stand. Counsel's contention in support of the appellant's position is based upon two propositions.

I.    It is said that in failing to forward the checks by the most direct route from Plover to Greenville, and by electing to send them by a more circuitous route through the hands of correspondent banks, appellee occasioned an unreasonable delay in the presentation of the checks to the drawee for payment, and thereby discharged the appellant from liability as an indorser thereon. By the terms of the negotiable instrument statute a bank check, in the ordinary form, is classed as a bill of exchange payable on demand. Code Supp. 1902, section 3060-a185. By the same statute it is provided that to charge the indorser of a bill of exchange payable on demand, presentation to the drawee and demand of payment shall be deemed sufficient if made within a reasonable time after its issue, or after the last negotiation of such bill. Code Supp. 1902, section 3060-a71. It is also further provided that, in determining what is a "reasonable time" within the meaning of this act, regard must be had to the nature of the instrument, the usage of the trade or business, if any, with respect to such instruments, and the facts of the particular case. Code Supp. 1902, section 3060-a193. Contrary to the requirement for notice to the indorser of the dishonor of a check or bill upon presentation for payment (Code Supp. 1902, section 3060-a103), the holder of the indorsed paper is not held to any fixed or invariable limit of time in which to make such presentment and demand. He is required to act with reasonable diligence and promptitude taking into consideration the nature

1. BANKS AND BANKING: checks: presentment: delay: discharge of indorser.

of the instrument, the usages of the business world and the peculiar facts, if any, attending the particular transaction in hand.

With this rule as our standard, we are clearly of the opinion that the record presents nothing to support a finding that the delay, if any, in presenting the checks for payment was chargeable to negligence on part of the appellee. It was shown by the evidence without controversy — indeed, it is a matter of common knowledge — that, by the system to which the handling of such business has been reduced, the innumerable checks and bills received by the banks scattered all over the country flow in concentrating currents to distributing banks, whence they go out to correspondent banks at or near the city or town where the drawee banks are located, for collection. To hold that the time between the issue of a check upon a distant bank and its presentation for payment by this method is unreasonable, and serves to discharge the indorser, would not only tend to create disastrous confusion in this most important branch of business, but to a disregard of the statute which makes the usage in such business one of the standards by which the reasonableness of the time of presentation for payment is to be determined. Again, as disclosed by the testimony, the transaction under consideration was not a simple matter of collecting checks deposited with the appellee for that purpose. The checks were negotiated by the appellant to the appellee who paid full value therefor. The appellee indorsed the checks to the Des Moines Savings Bank, receiving credit upon its deposit account with the latter for the full amount as for a deposit of so much cash. In other words, the checks were negotiated by the appellee to the Des Moines Savings Bank, and under the statute already quoted (Code Supp. 1902, section 3060–a71) reasonable time for presentation and demand is to be reckoned from the last negotiation of the paper. Checks are an almost universal substitute for money. They pass from hand to hand, bank to bank, and city to city, and,

within reasonable limits, it may be said that no matter how long they remain outstanding, so long as one negotiation properly follows another and the checks are in fact in circulation the statute requires us to hold that the indorser is not legally prejudiced by the consequent delay in their presentation for payment. Indeed, while at common law it is generally held that when one receives a check payable at a distant bank reasonable diligence requires him to forward it for presentation not later than the next business day thereafter, yet it is equally well settled that this rule is not always one of imperative obligation, but is at times made to give way by reason of circumstances which sufficiently rebut any presumption or inference of negligence on part of the holder. *Coal Co. v. Bowman,* 69 Iowa, 152. And, among other circumstances having a bearing upon this question, the general course of business has always been recognized as important. *Guelich v. Bank,* 56 Iowa, 434; *Freiberg v. Cody,* 55 Mich. 108 (20 N. W. 813); *Bridgeport Bank v. Dyer,* 19 Conn. 136. Thus, even without the statute it would be extremely doubtful whether a verdict for the appellant upon the ground here contended for could be upheld; and with it, we think, the correctness of the ruling of the trial court thereon is not open to serious question.

II. It is next insisted that the act of the Citizens' National Bank of Spencer in sending the checks direct to the bank on which they were drawn instead of some suitable third person to present the same at the counter of the bank, and demand payment thereon was negligent as a matter of law, and discharged the indorser. In support of this contention we are cited to *Sash and Door Co. v. Bank,* 76 Minn. 136 (78 N. W. 980); *Scraper Co. v. Sadilek,* 50 Neb. 105 (69 N. W. 765), and other cases of like import. We have no doubt of the correctness of the precedents referred to, and we shall not hesitate to follow them in a proper case. The substance of the rule of these cases is that where the holder of a check

2. SAME: presentation for payment: negligence.

or bill upon a distant bank places it in the hands of another bank for collection, and the latter sends the check direct to the hands of the bank which is under the duty of paying it, and thereby the claim is lost, the bank receiving it for collection will be held chargeable with negligence. In each of the cited cases and in all others of that class which have come under our observation the drawee bank to which the paper has been sent for collection and remittance has closed its doors after receiving it and without remitting the amount due, or by some other act of negligence or fraud, occasioned a loss to the real party in interest which would not have occurred or might possibly have been avoided had presentation and demand of payment been duly made by the collecting bank or by some suitable agent selected by it for that purpose. No such circumstances appear in this case. So far as appears from the record, the drawee bank was and is entirely solvent, the drawer had funds on deposit sufficient to pay the checks and the only reason why they were not honored was the notice received from the drawer to stop payment. The bank acted promptly, protested the checks at once, and gave due notice thereof to the payee and the several indorsers. The parties stand precisely in the same position which they would have occupied had some third person presented the checks over the bank's counter, and been met with the same refusal to pay. The notary who made the demand and protest was for the time being the agent of the transmitting bank, and we cannot see how such presentation and demand by him was any less efficient to protect such bank and all prior indorsers than would be the case had they been made by some other person who had been expressly authorized and employed to perform that service. *Bank of Manning v. German Bank,* 107 Iowa, 543.

III. Error is assigned upon the ruling of the trial court refusing to permit the appellant to testify to his want of knowledge of the custom of banks with respect to the manner of transmitting checks for payment. To this excep-

tion we think it a sufficient answer that want of knowledge

3. PRESENTATION
OF CHECKS:
knowledge
of custom.

by one who negotiates and indorses a check, as to the usage of banks relating to its presentation for payment, cannot prevent the application of the statute which makes such usage a factor in determining whether due diligence has been shown. So, also, it may be said that the usage or custom here relied upon is not one of mere private or local character, but one of general observance in the banking business and as such will be presumed to be known by all persons dealing with such institutions. See 12 Cyc., 1044. Appellant knew that the checks were negotiable in character and as such were liable to pass from one indorser to another in their transmission to the bank of payment, and when he negotiated them he must be held to have done so with reference to the usual and ordinary manner in which such business is transacted, and to have consented to presentation, demand of payment being made in the manner which generally prevails among prudent, well-conducted banks. Had he negotiated them to a merchant or farmer or other individual who in turn negotiated them to the appellee bank, appellant being sued upon his indorsement would not be heard to deny knowledge of the usage of banks with respect to such business, and we cannot see that such want of knowledge would be of any more avail in a case like the present one where he indorses the paper direct to the bank. His contract, implied from his indorsement, was that if, upon presentation and demand within a reasonable time, the checks were dishonored, and due notice given thereof, he would make them good to his indorsee, and it can make no difference whether he did or did not understand what in law would be held a reasonable time for such presentment. Other questions argued are ruled by those already discussed, and we need not further consider them. Of course, we are not to be understood as holding that banks are at liberty to adopt any usage or manner of business they see fit, and escape all imputation of

negligence for resulting losses to those with whom they may deal. It is reasonable to hold that checks must go forward. for presentation with due regard to the interest of the drawers and indorsers, and if banks adopt unreasonably circuitous routes and methods whereby loss results they should bear the burden, but, ordinarily, the natural caution which is engendered by self-interest will be sufficient to insure promptness and dispatch in the discharge of duties of this nature. Where, however, there is reasonable ground upon which to base the charge of negligence, the case should go to the jury under proper instructions.

In the instant case we find nothing to support a finding of this nature, and the judgment of the district court is *affirmed.*

### SUPPLEMENTAL OPINION ON REHEARING.

PER CURIAM.—In his petition for rehearing the appellant insists that the opinion handed down upon the original submission of this cause erroneously cites Code Supp., section 3060–a71 as applicable to the presentation for payment of bank checks when in fact the rule there prescribed is intended to apply only to drafts or bills of exchange as distinguished from checks and that the latter are governed solely by the provisions of Code Supp., section 3060–a186. The section first named provides that presentment of a bill of exchange will be sufficient if made within a reasonable time after the last negotiation thereof, while the section last named provides that a check must be presented within a reasonable time after its issue. Whether the language of the last cited section of the statute has the effect to exclude bank checks from the effect of the former it is not necessary for us to decide at this time for if we were to adopt the appellant's view in that respect it could not work a reversal of the cause before us. Both provisions allow a reasonable time for the presentation and where the check is drawn upon a bank located at a place distant from the place of its delivery to the payee or

indorsee a presentment promptly made by mail through other banks in the ordinary and usual course pursued in such business will be held as a matter of law to have been made within a reasonable time. The petition for rehearing is therefore *overruled.*