STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, APPELLEE, v. SECURITY STATE BANK OF EDDYVILLE: F. J. CLEARY, RECEIVER, APPELLEE: T. F. O'MEARA, CLAIMANT, APPELLANT.

FILED MARCH 7, 1928. No. 25458.

*John A. Miller* and *E. L. Randall*, for appellant.

*Horth, Cleary & Suhr* and *C. M. Skiles, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and HOWELL, JJ., and BROADY, District Judge.

GOOD, J.

This action arises out of the failure of the Security State Bank of Eddyville, Nebraska, hereinafter referred to as the bank. The doors of the bank were closed on the 17th day of September, 1923, and a receiver appointed on the 21st of the same month. T. F. O'Meara, a stockholder of the bank, filed a claim consisting of three items: (1) A certificate of deposit for $4,000; (2) a certificate of deposit for $500; (3) a deposit on open account of $502.65; and prayed that they be allowed as preferred and payable from the depositors' guaranty fund.

The receiver filed objections to the claims, on the ground that they represent money obtained by a stockholder and placed in the bank in lieu of and for the purpose of effecting a loan of funds to the bank. He further pleaded a promissory note for $1,300, executed by the claimant to the bank, and asked that it be set off against the claims. Claimant replied, denying that the deposit represents money placed in the bank for the purpose of effecting a loan of funds to it. and, as a defense to the promissory note, alleged that it was obtained by fraud and without consideration.

Upon a trial of the issues so joined, the court found that the certificate for $500 and the open account represented

deposits in the usual and ordinary course of business, but that the $4,000 certificate represented money that was placed in the bank for the purpose of bolstering up its reserve, was, in effect, a loan for the benefit of the bank, and not entitled to a preference. The court also found for the receiver upon the $1,300 note and set off the amount thereof against the claims, applying the set-off first to the claims which were found entitled to preference, and adjudged that there was due the claimant the sum of $3,602.60, but that it was not entitled to a preference. Claimant appeals.

The appeal requires us to determine whether or not the $4,000 certificate, or any part thereof, represents money placed in the bank for the purpose of effecting a loan to it, and whether claimant was liable to the bank upon the promissory note.

Since the receiver has not appealed, the finding of the trial court, that the certificate of deposit for $500 and the open account of $502.65 represent *bona fide* deposits, must be accepted as correct, as it is judicially determined that these items are entitled to a preference.

In December, 1922, the bank was in financial difficulties and its reserve depleted. The department of trade and commerce was insisting that money should be raised by the officers and stockholders to replenish its reserve. At that time claimant was the owner and holder of a certificate of deposit for $4,000, issued by the bank. For the purpose of aiding the bank, he took this certificate and sold and discounted it to the Federal Trust Company, of Lincoln, Nebraska, for the sum of $3,820, which was placed to his credit in the bank on open account. It remained there until May, 1923, when he took a new certificate of deposit for $4,000, for which his open account in the bank was charged. This latter certificate is the one in controversy.

From the record it is clear that the $3,820, proceeds of the sale of the former certificate, did not represent a deposit made in the usual and ordinary course of business, but was obtained by the claimant and placed in the bank

for the purpose of replenishing its reserve, and was, in effect, a loan by claimant to the bank. Counsel for claimant argue that, when the deposit in the open account was changed into a certificate of deposit, it then ceased to be a loan and became a deposit, protected by the guaranty fund. We do not think this contention is sound. It was a loan in the first instance, and as such, remained in the bank without change save from an open account to one represented by a certificate. To the extent of $3,820 the certificate in controversy represents a loan.

Section 8033, Comp. St. 1922, in part, provides: "No claim to priority shall be allowed which is based upon any evidence of indebtedness in the hands of or originally issued to any stockholder, officer or employee of such bank, which represents money obtained by such stockholder, officer or employee, from himself or some other person, firm, corporation or bank in lieu of or for the purpose of effecting a loan of funds to such failed bank."

This court has held, in effect, that a claim against a failed state bank which represents money that a stockholder obtains and places in the bank for the purpose of aiding the bank to keep up its reserve is not within the protection of the depositors' guaranty fund. *State v. Farmers State Bank of Dix*, 115 Neb. 574; *State v. Atlas Bank of Neligh*, 114 Neb. 646.

The $4,000 certificate in controversy, to the extent of $3,820, represents a claim that is not protected by the guaranty fund and should be allowed, to that extent, as a general claim. It appears from the record that $180, which is included in the certificate of $4,000 does represent a *bona fide* deposit of funds of claimant, made in the usual and ordinary course of business, and, to the extent of $180, the certificate represents a claim that is entitled to preference and payable from the depositors' guaranty fund.

It appears that in June, 1923, the financial condition of the bank had grown worse instead of better, and its management was taken over by the guaranty fund commission. The department of trade and commerce was insisting that

an assessment should be made upon the stock, to place the bank in a sound financial condition. At an informal meeting of some of the stockholders there was apparently an attempt made to require an assessment of 200 per cent. upon the capital stock. No valid assessment, however, was made, and the attempt at assessment was abandoned. A few days later, at the request of the representatives of the guaranty fund commission, which was in charge of and operating the bank, a few of the stockholders were requested to and did execute to the bank their several promissory notes, each note representing the face value of the stock owned by the maker. Claimant was one of these stockholders and executed his promissory note for $1,300. These notes, so executed by the stockholders, remained in the custody of the representatives of the guaranty fund commission until the 17th day of September, 1923, at which time they were listed on the books of the bank as a part of its bills receivable, and a corresponding amount of worthless and doubtful paper was charged off. On the same day that this was done the doors of the bank were closed. Four days later a receiver was appointed. No valid assessment was made upon the stockholders; nor did the makers of these several notes receive anything of value for them. The most that may be claimed for these notes is that they were accommodation paper, given to the bank without consideration and never used or pledged by the bank. Under such circumstances, the bank could not have sued on and collected these notes from the makers. As respects these notes, the receiver stands in the shoes of the bank, and his claim is no better than would have been that of the bank. The note does not represent a valid obligation of the claimant to the bank, and the court erred in holding otherwise and in setting it off against the amount due claimant.

The judgment of the district court is reversed and the cause remanded, with directions to allow preference to the claim and decree payable from the guaranty fund as follows: The amount of the open deposit account; the $500

certificate, and $180 of the $4,000 certificate together with interest thereon, as provided by law. The remaining $3,820 of the $4,000 certificate, with interest thereon, as provided by law, shall be allowed only as a general claim. The set-off, claimed by the receiver upon the $1,300 note, must be entirely disallowed.

REVERSED.