STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, APPELLEE, v. SECURITY STATE BANK OF EDDYVILLE: F. J. CLEARY, RECEIVER, APPELLEE: BENJAMIN GOMME, CLAIMANT, APPELLANT.

FILED MARCH 7, 1928. No. 25460.

*John A. Miller* and *E. L. Randall,* for appellant.

*C. M. Skiles, Homer L. Kyle* and *Horth, Cleary & Suhr, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and HOWELL, JJ., and BROADY, District Judge.

GOOD, J.

This is another case arising out of the failure of the Security State Bank of Eddyville, Nebraska. Benjamin Gomme, hereinafter referred to as claimant, a stockholder in said bank, had to the credit of his account in the bank when it closed its doors the sum of $5,694.78. A claim was filed for this amount, and it was asked that it be

allowed as a preference and decreed payable from the depositors' guaranty fund. The receiver objected to the allowance of the claim and averred that the claim represented moneys loaned by claimant to the bank, to replenish its depleted reserve, and did not represent a *bona fide* deposit, within the protection of the guaranty fund. He also pleaded, by way of a set-off, a promissory note for $700, executed by claimant to the bank. Claimant replied, denying that the deposit represented a loan to the bank, and averred that the promissory note was secured by fraud and was without consideration, and denied liability thereon. The trial court found that the claim represented money deposited in the bank for the purpose of bolstering up its cash reserve and was, in effect, a loan by claimant to the bank; that the claim was valid and should be allowed as a general claim, but that it was not entitled to preference. The court further found for the receiver upon the promissory note, and allowed the amount thereof as a set-off against the amount found due claimant. Claimant appeals.

From the record it appears that on the 9th day of December, 1922, claimant had a balance in his checking account in the bank of $905.04; that at that time the bank was in financial difficulties and its reserve was greatly depleted. The department of trade and commerce was insisting that the officers and stockholders should raise money and place it in the bank, to replenish its reserve. At that time claimant was the owner and holder of a $5,000 certificate of deposit issued by the bank. He sold and discounted this certificate to the Federal Trust Company of Lincoln for the sum of $4,780, which amount he deposited in the bank to the credit of his account.

It is apparent that this sum of $4,780 does not represent an ordinary deposit in the bank. In order to secure the money to place in the bank, claimant made a considerable financial sacrifice. This sacrifice was made and the money placed in the bank so that the bank's cash reserve might be replenished. After this deposit was made, claimant,

in the usual and ordinary course of business, made other deposits, amounting to $682.97, and by checks withdrew from his account, before the bank closed, the sum of $673.23, so that he had to his credit in the bank, when its doors were closed, the sum of $5,694.78. There is no evidence of any instruction or agreement as to what items in claimant's account should be charged with the checks which were drawn subsequent to the deposit of $4,780.

This court, in *State v. Security State Bank, ante*, p. 526, holds: "In the absence of any agreement or instruction, where a debtor makes payments on a running account, and where neither he nor his creditor makes a particular application of the payments, ordinarily, the law will apply them to the extinguishment of those items of the debt which are earliest in point of time." Applying the rule so announced, it appears that the whole of the $4,780, representing the loan, was in claimant's account when the bank closed its doors.

Section 8033, Comp. St. 1922, in part provides: "No claim to priority shall be allowed which is based upon any evidence of indebtedness in the hands of or originally issued to any stockholder, officer or employee of such bank, which represents money obtained by such stockholder, officer or employee, from himself or some other person, firm, corporation or bank in lieu of or for the purpose of effecting a loan of funds to such failed bank."

This court has held, in effect, that a claim against a failed state bank which represents money that a stockholder obtains and places in the bank for the purpose of aiding the bank to keep up its reserve is not within the protection of the depositors' guaranty fund. *State v. Farmers State Bank of Dix*, 115 Neb. 574, *State v. Atlas Bank of Neligh*, 114 Neb. 646.

The claim, to the extent of $4,780, represents a loan to the bank and is without the protection of the depositors' guaranty fund. The evidence justifies a finding that the remaining part of the claim, other than the $4,780, represents deposits made in the usual and ordinary course of

business, and is therefore within the protection of the depositors' guaranty fund. It follows that the trial court should have allowed the claim to the extent of $4,780, and interest thereon, as provided by law, as a general claim, and the remainder thereof, to wit, $914.78, should have been allowed as a preferred claim and decreed payable from the depositors' guaranty fund.

The promissory note of claimant was given under the same conditions and circumstances as the promissory note in the case of *State v. Security State Bank, ante,* p. 526. It was without consideration, and the receiver was not entitled to have it set off against the claim.

The judgment of the district court is therefore reversed, and the cause remanded, with directions to allow $4,780 of the account, with interest thereon, as provided by law, as a general claim, and $914.78, with interest thereon, as provided by law, as a preferred claim, payable from the depositors' guaranty fund, and a recovery upon the promissory note as a set-off against the claim should be and is disallowed.

·   REVERSED.