FRANK J. CLEARY, RECEIVER, APPELLANT, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, APPELLEE.

FILED OCTOBER 8, 1928. No. 26573.

*Tibbets, Lambe & Hewitt, Butler & James* and *Schaper & Runyan,* for appellant.

*Gaines, McGilton, Van Orsdel & Gaines, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOOD, J.

This action is brought by the receiver of the Berwyn State Bank against the surety on the official bond of a former county treasurer of Custer county, to recover, for the use and benefit of the depositors' guaranty fund, the sum of $44,500, and interest thereon, which amount, pur-

suant to a judgment of the district court for Custer county, had been paid from the guaranty fund to the county treasurer, to reimburse him for public funds on deposit in the Berwyn State Bank at the time it failed, in December, 1922.

Plaintiff asserts the right to recover on two grounds: (1) That the guaranty fund commission is entitled to be subrogated to the rights of Custer county against the county treasurer and the surety on his official bond; (2) that the depositors' guaranty fund was injured by the treasurer's illegal use of county funds to bolster up a bank in which he was a stockholder, and that the treasurer and the surety on his official bond are liable for such injury. The county treasurer was named as a defendant, but he was neither served with process nor made appearance in this action. The defendant surety on the treasurer's official bond answered denying liability. A trial of the issues presented by the pleadings resulted in judgment for defendant, and plaintiff has appealed.

Plaintiff contends that the judgment should be reversed because it is not supported by the evidence and is contrary to law. It is contended that the treasurer was a wrongdoer, in this, that he deposited the public funds in his custody in a bank in which he was a stockholder, for the purpose of bolstering up the bank and to enable him and his friends to borrow funds from the bank; that the treasurer was a wrongdoer in depositing public funds in the bank in excess of 50 per cent. of its capital stock and without the bank having been designated by the county board as a depository of public funds; and that it follows that the treasurer and the surety on his official bond became liable to the county for any of the public funds lost by reason of the wrongful act of the treasurer. It is further contended that the treasurer and the surety on his official bond were primarily liable to the county for any loss of public funds; that the depositors' guaranty fund was liable only secondarily, and that, the guaranty fund having made good the loss to the county, it is entitled to be

subrogated to the rights of the county and recover against the treasurer and the surety on his official bond.

If the facts are as contended by plaintiff, does it necessarily follow that he may recover in this action? It may not be out of place to consider the relationship and the liability of the surety on the treasurer's bond and the guaranty fund with respect to the deposit in question. When a county treasurer makes a deposit of public funds in a state bank, the latter is liable to him for the amount of the deposit; and, if the deposit is made under circumstances which do not transgress the provisions of the guaranty fund law, then, on the failure of the bank, he is entitled to have the claim for the deposit adjudged preferred and payable from the depositors' guaranty fund.

In the body of the opinion in *State v. Security State Bank,* 116 Neb. 223, 229, it was said: "That is, under the statute the guaranty fund is an independent entity, and only those who bring their right of recovery within the statutory limitations are entitled to share therein." The language there used was not meant or intended to hold that the depositors' guaranty fund was an artificial person, such as could sue or be sued. Such fund is solely a creature of statute. Ordinarily, it can be augmented, replenished or reimbursed, and can be drawn upon for the payment of claims, or disbursed, only to the extent and in the manner provided by statute. The guaranty fund commission is a governmental agency which administers the fund. The only statutory subrogation authorized to augment or replenish the fund is that contained in section 8035, Comp. St. 1922, and the subrogation therein provided is limited to the assets of the bank.

In the case of *State v. People's State Bank,* 111 Neb. 136, which involved the liability of the guaranty fund for a deposit, made by the same treasurer, in excess of 50 per cent. of the bank's capital stock, it was held: "Where a county treasurer deposits public funds in a state bank in excess of 50 per cent. of the paid-up capital stock of said bank, the entire deposit is within the protection of the de-

positors' guaranty fund." The ruling in that case has been followed in subsequent cases. We are thus committed to the doctrine that, where a county treasurer, in violation of a statute, deposits public funds in a state bank in excess of 50 per cent. of its capital stock, such deposit is within the protection of the guaranty fund. In the present case the deposit was within the protection of the guaranty fund. In fact, it was so adjudged by the district court, and the guaranty fund commission caused the claim to be paid from the guaranty fund. That payment forms the very basis of this action. That judgment of the district court was unappealed from. The question of the right of the treasurer to have his claim paid out of the guaranty fund became *res judicata.*

But, what of the liability of the treasurer's bond? The surety on the bond was liable to the county if the treasurer failed to account for or pay over to the county any funds that properly came into his possession as county treasurer. It is possible that, had the county treasurer been unable to collect upon the deposit, the county might have collected from the surety on the treasurer's bond; but such surety would not be liable to the county if the treasurer collected and returned the money to the county. The liability of the surety on the treasurer's bond was a secondary liability. As between the surety on the treasurer's bond and the bank in which the deposit was made, the latter was primarily liable. If the bank was liable and the deposit was within the protection of the guaranty fund, the latter would be a guarantor and liable primarily as between it and the surety on the treasurer's bond. If the treasurer had failed to pay over money to the county, and the county had sued and collected from the surety on his official bond, the latter would be subrogated to the rights of the county, as against the treasurer, to the deposit in the bank, and if the surety on the bond had paid the amount of the deposit to the county treasurer, it would, in equity, be subrogated to the rights of the treasur-

er to recover from the bank, and also from the guaranty fund as a guarantor of the deposit.

In *Rogers v. National Surety Co.,* 116 Neb. 170, this court held: "The depositors' guaranty fund is a creation of statute, possessing such rights and subject to such liabilities as the legislature has provided; the liabilities thus imposed thereon are analogous to that of a 'guarantor' as distinguished from a 'surety.'" In that case it was further held: "Section 8035, Comp. St. 1922, construed, and *held* to limit by express terms the subrogation therein provided for the benefit of the depositors' guaranty fund, upon payment made to the creditors, to 'all the right of the creditors thus paid to participate in the assets of such bank.'" It thus appears that the right of the guaranty fund to subrogation is limited by statute to the right of the creditor to participate in the assets of such bank. It is apparent that the liability of the treasurer's surety was not an asset of the bank and does not come within the statutory provision awarding subrogation to the guaranty fund.

It was held by this court in *State v. Kilgore State Bank,* 112 Neb. 856: "The surety on a bond given by a state bank to secure a deposit of Indian money, such as is required by federal law, will ordinarily be subrogated to the rights of the depositor of such money—the United States by its proper agents—when no equity intervenes to bar such subrogation and when the surety has paid the depositor the amount due on such deposit." The situation in that case would be somewhat analogous to this if the surety on the treasurer's bond had paid the amount of the deposit to the county and had then sued to recover from the bank and the depositors' guaranty fund. According to the decision just cited, the judgment would have gone for the surety on the bond, as against the guaranty fund. If plaintiff's contention be sound, then we would have this anomalous situation: That the county treasurer could sue and recover from the guaranty fund the amount of his deposit in the bank, and, upon payment to him from the guaranty fund, the guaranty fund commission could, by proc-

ess of subrogation, turn around and sue and recover back the money so paid to the treasurer. The proposition seems absurd. This court declines to hold that the law requires such an absurdity.

We are of the opinion that the judgment of the district court is in strict accord with the former rulings of this court and is the only one that could have been properly entered. We find no error, and the judgment is therefore

AFFIRMED.

ROSE, J., dissents.