CLARENCE G. BLISS, SECRETARY OF THE DEPARTMENT OF TRADE AND COMMERCE, APPELLEE, V. CONTINENTAL NATIONAL BANK OF LINCOLN, NEBRASKA, APPELLANT.

CLARENCE G. BLISS, SECRETARY OF THE DEPARTMENT OF TRADE AND COMMERCE, APPELLEE, V. CONTINENTAL NATIONAL BANK OF LINCOLN, NEBRASKA, APPELLANT.

FILED JANUARY 16, 1931. NOS. 27460, 27461.

*Max V. Beghtol* and *J. Lee Rankin*, for appellant.

*C. M. Skiles* and *I. D. Beynon*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

Clarence G. Bliss, secretary of the department of trade and commerce of the state of Nebraska, and Clarence G. Bliss, secretary of the department of trade and commerce of the state of Nebraska, successor to the bank guaranty fund commission of the state of Nebraska, plaintiff, brought two lawsuits against the Continental National Bank of Lin-

coln, Nebraska, defendant, to recover unpaid balances of deposits subject to check.

Defendant was organized as a national bank March 22, 1929, and as such succeeded to the property and rights, and incurred the liabilities, of the Continental State Bank. On a checking account, plaintiff had on deposit with defendant, June 3, 1929, a balance of $4,708.36. The account stood on the books of the bank in favor of the "Department of Trade and Commerce—Administration Fund." In the first of the actions, plantiff demanded judgment for this balance.

April 30, 1929, the guaranty fund commission had on deposit with defendant subject to check a balance of $8,-741.24. On that date the legislature abolished the guaranty fund commission and transferred the deposit to plaintiff. Laws 1929, ch. 38, sec. 8. It was to recover this latter balance that plaintiff brought the second action. On the bank books the accounts for plaintiff's deposits were subsequently charged with claims of defendant against the bank guaranty fund, showing nothing due. Demands for the amounts in controversy were rejected and payment of checks therefor was refused.

Admitting the deposits and the balances pleaded by plaintiff, defendant alleged, in defense, that they belonged to the bank guaranty fund, and that the latter, through loans to the bankers' conservation fund, became indebted to defendant in an amount equal to the balances in the two accounts for the deposits, or $13,449.60, which, according to the answer, were lawfully credited on the indebtedness of the bank guaranty fund to defendant and thus paid in full. Unadmitted matter in the answer was put in issue by a reply.

The cases were consolidated. Upon a trial below the district court found the issues in favor of plaintiff and in each case entered judgment against defendant for the full amount of the claim with interest. Defendant appealed.

There is no error in the proceedings and judgments below. There is nothing substantial to support the set-off or defense that the funds deposited by plaintiff in defendant's

bank belonged to the bank guaranty fund. There is no dispute about any fact essential to a proper determination of the issues. In connection with the statutes relating to the bank guaranty fund, to the department of trade and commerce, to the winding up of insolvent banks and to the distributing of their assets among their depositors and other creditors, the plaintiff and the defendant stipulated the controlling facts.

Plaintiff did not consent to the set-off. Defendant knew the sources from which the deposits came and the purposes for which the deposited funds were intended. The department of trade and commerce and the guaranty fund commission were governmental agencies of the state and as such were trustees. The funds in their hands for safe-keeping and distribution and the bankers' conservation fund were trust funds belonging to the equitable owners or beneficiaries in proportion to their interests and not to any governmental agency of the state. Plaintiff is temporary custodian for the purposes of collecting, conserving and disbursing the trust funds pursuant to statutory duties and judicial orders. Money for which the guaranty fund commission and plaintiff were answerable as trustees were not subject to arbitrary distribution or set-off by defendant. If the deposit in favor of the "Department of Trade and Commerce—Administration Fund" did not come from a source that made it available for the payment of salaries and expenses, as argued by defendant, a question not decided, plaintiff is nevertheless entitled to the custody thereof as trustee for the purposes of distribution to the equitable owners or beneficiaries pursuant to judicial orders. A bank accepting deposits in the name of a trustee, knowing they belong to the equitable owners or beneficiaries, cannot legally apply the trust funds so deposited to an individual indebtedness of the depositor. In a different form this principle was stated as follows:

"A bank that appropriates a deposit made by a customer to reduce his indebtedness due the bank, knowing the deposit, or a part thereof, to be a trust fund, is liable to the true owner for a conversion of his money, and an action at

law to recover the amount can be maintained." *Globe Savings Bank v. National Bank of Commerce*, 64 Neb. 413.

This rule is universally recognized. See annotations in 13 A. L. R. 324; 31 A. L. R. 756; 50 A. L. R. 632.

Both judgments are

AFFIRMED.