CLARENCE G. BLISS, RECEIVER, APPELLANT, V. CHARLES W. BRYAN, GOVERNOR, ET AL., APPELLEES.

FILED JULY 1, 1932. No. 28320.

*Woods, Woods & Aitken* and *Good, Good & Kirkpatrick,* for appellant.

*C. A. Sorensen, Attorney General,* and *L. Ross Newkirk, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY and PAINE, JJ., and HORTH, District Judge.

DAY, J.

This is a suit in equity brought by the receiver of the State Bank of Superior for the depositors of said bank, whose claims have been allowed as preferred, to enjoin the secretary of the department of trade and commerce from distributing any of the funds belonging to the depositors' guaranty fund except in accordance with the statutes of Nebraska prior to 1930, and for a declaratory judgment fixing the rights of the parties hereto to the funds now in the hands of the department.

The petition alleges that, after the appointment of a receiver for the State Bank of Superior, the court allowed such claims as were payable out of the depositors' guaranty fund, and upon the 14th day of January, 1928, in accordance with the provisions of section 24, ch. 191, Laws 1923, as amended by section 12, ch. 30, Laws 1925, the court entered its order finding a deficiency of $591,-868.87 payable out of depositors' guaranty fund, which it adjudged should be paid out of said fund; that this order of judgment was certified to the department of trade and commerce on the 20th day of January, 1928, whereupon the secretary of the department drew against the depositors' guaranty fund, but the draft was not paid for lack of cash in said fund.

It is also alleged that the depositors' guaranty fund at the time was the owner of assets purchased by it at receiver's sales of various banks theretofore litigated; that it also had as assets money due it from state banks under assessments levied to replenish the guaranty fund under the statutes of Nebraska; that there were on January 20, 1928, drafts in favor of receivers of several other banks which had not been paid for want of funds to satisfy them which are claims upon the fund prior to any claim of the plaintiff; that thereafter there accrued to said depositors' guaranty fund further sums and further assessments, so that in April, 1930, the sum due from

the assessments was in excess of $3,000,000, so that at that time there were sufficient funds due from the assessments and assets owned by the guaranty fund to pay all prior drafts and in addition thereto the draft in favor of this bank; that the assessments were not paid, for that litigation was pending, the object of which was to have such assessments declared confiscatory and unconstitutional (*Abie State Bank v. Weaver,* 119 Neb. 153); that in April, 1930, while this litigation was pending in the supreme court of the United States (*Abie State Bank v. Bryan,* 282 U. S. 765), the legislature meeting in special session (46th Special Session 1930) enacted legislation (Laws 1930, Special Session, ch. 6) which purported to abolish the depositors' guaranty fund, to create a new fund designated as the depositors' final settlement fund, and attempted to transfer all assets belonging to the former to the latter.

It is also alleged in the plaintiff's petition that the depositors' guaranty fund was a trust fund and that the adjudication and allowance of the claims of the depositors as preferred claims coming within the protection of the guaranty fund are judgments of the court against said fund and constitute an equitable and statutory lien upon the assets of the guaranty fund in the hands of the defendants, the governor and the secretary of the department of trade and commerce. The plaintiff asks for an order of this court finding that he is entitled to have these claims paid in the order of priority as provided by the statutes prior to April, 1930.

The trial court sustained a general demurrer to said petition for the reason that it did not state a cause of action.

The nature of an allowed claim of a deposit in a receivership proceeding has been frequently considered by this court. In *State v. Farmers State Bank,* 113 Neb. 679, the court held that a claim upon a certificate of deposit was a judgment payable from the fund, for that it should bear interest at 7 per cent. from the date of hear-

ing in the district court until paid. This claim was held to come within the purview of section 45-103, Comp. St. 1929, which provides for interest on all decrees and judgments for the payment of money. This court in *State v. Nebraska State Bank,* 118 Neb. 660, discusses the nature of a claim of a depositor as follows: "Is the depositors' guaranty fund chargeable with interest on the claim at 7 per cent. from the date of its allowance by the district court? In several cases we have held that the allowance of the claim amounted to a judgment and came under the general provision of the statute that judgments should draw interest at 7 per cent. It is contended by counsel for receiver that these decisions were rendered at a time when the guaranty fund was solvent and able to pay all claims certified to it under the law, but that at the time of the trial there were approximately $7,000,000 in claims certified for payment and unpaid. * * * The argument * * * is of considerable force and its rejection results in leaving the guaranty fund charged with a burden of staggering weight, but we would not be justified in relieving it unless in accordance with legal principles applicable to the facts in the case." Additional cases which have allowed interest upon these judgments are *State v. Farmers State Bank,* 113 Neb. 679; *State v. Octavia State Bank,* 116 Neb. 825; *State v. Security State Bank,* 116 Neb. 521; *State v. Security State Bank,* 116 Neb. 526; *State v. Security State Bank,* 116 Neb. 530. While it is not directly stated in these cases that the allowance of the claim by the court is a judgment, the principle upon which the court held that interest was allowable was based upon the assumption that an allowance of the claim was in the nature of a judgment. In *State v. Monowi State Bank,* 115 Neb. 396, the court used the following language: "The total judgment entered in favor of the complainant was $57,520.90. It should have been $113.75 less, or $57,407.15. In all other respects the judgment of the district court is right. The judgment of the district court is therefore modified so as to allow claim-

ant a judgment of $57,407.15, as of date March 6, 1925, payable from the depositors' guaranty fund as a preferred claim, and, as modified, the judgment is affirmed." The subject of the litigation in the last case was a claim based upon 13 certificates of deposit, which claim was allowed as preferred and adjudged payable from the depositors' guaranty fund. The only rule deducible from the line of Nebraska cases cited herein and going back to 1925 is that, where the court in a receivership proceeding allows a depositor of an insolvent bank a preferred claim payable from the guaranty fund, the order is a judgment.

The nature of the guaranty fund has also been discussed by this court. In *Bliss v. Continental Nat. Bank,* 120 Neb. 568, it was held: "The department of trade and commerce and the guaranty fund commission were created by statute as governmental agencies of the state and as trustees for the beneficial owners of trust funds coming into the custody of such agencies.

"The bank guaranty fund and the bankers' conservation fund in the custody of the secretary of the department of trade and commerce are trust funds belonging to the proper distributees as determined by courts of competent jurisdiction in judicial proceedings."

The judgment lien upon the guaranty fund is created by statutory provision. The law provided that "claims of depositors were to be paid according to the priority of adjudication." *Abie State Bank v. Bryan,* 282 U. S. 765. There was created a trust fund for a specific purpose, which was the payment of claims as determined by the courts in judicial proceedings. The depositors' guaranty fund being a trust fund, even though the statute did not create a lien, an equitable lien would be created, to the end that this specific fund should be applied to the payment of this judgment. *Bliss v. Continental Nat. Bank,* 120 Neb. 568. "Generally speaking, an equitable lien is a right, not recognized at law, and which a court of equity recognizes and enforces as distinct from strictly

legal rights, to have a fund or specific property, or the proceeds, applied in full or in part to the payment of a particular debt or demand. * * * An equitable lien has the nature of, or is analogous to, a trust and really grows out of the doctrine of constructive trusts." 37 C. J. 308. In this case the judgment was certified to the department of trade and commerce and the secretary of said department drew against the depositors' guaranty fund for the amount. This draft was not paid, but it was an appropriation of the fund to the payment thereof. The appellant has complied strictly with statutory provisions in this case.

The claim of a depositor against the receiver of an insolvent bank and allowed as a claim against the guaranty fund is a judgment and the priority to which it is entitled is determined by the law relating to judgments. The depositors' guaranty fund was a creation of statute subject to such liabilities as the legislature provided. Assessments were levied under the police power of the state for the protection of depositors in state banks. The law provided that, in case a bank failed and its assets were insufficient to meet the claims of depositors, the court should determine the amount of the insufficiency and order the department of trade and commerce to draw against the guaranty fund in an amount necessary to make up the difference. Claims of depositors were to be paid according to priority of adjudication. *Cleary v. Fidelity & Deposit Co.*, 117 Neb. 478; *State v. Security State Bank*, 116 Neb. 223. The statutes of this state provide for the liquidation of insolvent state banks by invoking the judicial power of the state. *State v. State Bank of Minatare, ante*, p. 109. Under the statutes of this state, as interpreted by this court, the allowance of such a claim is a judgment and is an equitable and statutory lien upon the guaranty fund and payable out of it.

The attorney general in his brief argues that the guaranty fund is not to be subjected to the payment of the claims which have been allowed and that the appellant

has no right to a continuance of the guaranty law. The appellees concede that they have no vested right in the continuance of the law as such. On account of this concession, we will not discuss that matter. But it is argued, first, that claims allowed by the court in the process of judgment and liquidation are not judgments; second, that, even if they are judgments, they are not liens upon such fund, and then the case of *Wirtz v. Nestos,* 51 N. Dak. 603, is cited as authority for the proposition. It is apparent from that opinion that the liquidation of state banks in North Dakota is an executive function as distinguished from a judicial function as in this state. In that case the North Dakota court held that certificates of indebtedness issued by the liquidating agent were not liens against the fund to be paid in the order they were issued. To the same effect is cited *State v. Smith,* 234 N. W. (S. Dak.) 764, in which the South Dakota court held that "the intention as to priority inherent in the original portion of the law providing for method and time of payment * * * gave rise to no lien claims upon the fund." The South Dakota case cites *Lacy v. State Banking Board,* 118 Tex. 91, in which case there. was likewise no question of a judgment in a judicial liquidation. These cases might well be cited as authority for the proposition that a depositor in a bank who comes within the provisions of a guaranty law has no vested right in a continuance of a police regulation enacted for a public purpose in the interest of the public welfare. However, since this question is not presented, these cases are not applicable to this situation. The guaranty fund law was enacted by the legislature in the exercise of its police power for the protection of depositors in state banks. The rights of the appellant arise by virtue of this statute. These rights became vested by solemn judgment of the court in 1928, which found that they were preferred claims and payable out of the guaranty fund. The legislature thereafter by the act of 1930 attempted to distribute the remaining assets of the guaranty fund to all depositors of failed

state banks prior to April, 1930. The legislature had the undoubted right to repeal the guaranty law which was a police regulation. However, since the assets of this fund were a trust fund collected for a specific purpose against which the court had entered judgments, the legislature could not transfer or impair the rights vested in the depositors by virtue of these judgments. In *Arnold & Murdock Co. v. Industrial Commission,* 314 Ill. 251, where an employee had obtained an award for an injury in 1917 and thereafter the legislature passed a law permitting an employer to petition for a decrease where the disability of the injured employee had lessened since the date of the award, and where the employer petitioned for a decrease under the new statute, the court denied the relief as follows: "No one has a vested right in a public law but the legislature may repeal or amend all legislative acts not in the nature of contracts or private grants. Such repeal or amendment, however, cannot have the effect of extinguishing rights which have been acquired under the law. * * * A judgment is a vested right of property and cannot be destroyed * * * by a retroactive statute. * * * Before that enactment had been adopted the award in this case confirmed had been by final judgment and was a vested right." In *McCullough v. Virginia,* 172 U. S. 102, the court held: "It is not within the power of a legislature to take away rights which have been once vested by a judgment, * * * but when those actions have passed into judgment the power of the legislature to disturb the rights created thereby ceases."

Subdivisions (b) and (c), sec. 1, ch. 6, Laws 1930, Special Session, which provide for the transfer of the assets from the depositors' guaranty fund of the state of Nebraska to the depositors' final settlement fund, transfer only such assets as are not subject to the payment of judgment liens. The assets of the depositors' guaranty fund subject to such payment by judgment are not strictly assets of the fund. It was beyond the power of the legislature to transfer assets subject to such liens, for

that would be an interference with vested property rights, and if such were the intention of the legislature it would be void as violative of section 1 of the Fourteenth Amendment of the Constitution of the United States and section 3, art. I, Constitution of Nebraska. It will be presumed that the legislature did not intend to violate the Constitution. " 'Where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise, and by the other of which such questions are avoided, our duty is to adopt the latter.' *United States v. Delaware & Hudson Co.*, 213 U. S. 366." *Enos v. Hanff*, 98 Neb. 245. See *Wood v. Byrne*, 60 N. Dak. 1; *In re Harrand*, 254 Mich. 584; *Jessner v. State*, 202 Wis. 184; *Mancuso v. State, ante*, p. 204.

The judgment of the trial court is accordingly reversed and the cause remanded, with directions to enter judgment enjoining the governor and the secretary of the department of trade and commerce from transferring from the depositors' guaranty fund any of the assets of the former necessary to pay the judgments which had been entered prior to the enactment of chapter 6, Laws 1930, Special Session.

REVERSED.