STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. SECURITY STATE BANK OF PLAINVIEW, GEORGE I. PARKER, RECEIVER, APPELLEE: AMERICAN SURETY COMPANY OF NEW YORK, INTERVENER, APPELLANT.

FILED NOVEMBER 16, 1933. No: 28683.

*Montgomery, Hall & Young,* for appellant.

*F. C. Radke, Webb Rice* and *Barlow Nye, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY and HORTH, District Judges.

GOSS, C. J.

This appeal was taken by American Surety Company of New York, intervener, because the district court denied reclassification of intervener's two claims as preferred claims. They had been allowed as general claims in favor of the respective depositors and had been assigned later to intervener.

The Security State Bank of Plainview was taken over by the department of trade and commerce on October 12, 1927, and operated for a time by the guaranty fund commission. It was found insolvent and a receiver was appointed by the district court for Pierce county on March 27, 1929. When the receiver took charge there was in the bank on deposit to the credit of the city of Plainview the sum of $6,203.58 and to the credit of School District No. 5, Plainview, the sum of $3,124.06. C. R. Christiansen was, at all times concerned with these deposits, the president of the bank, the treasurer of the

city and acting treasurer of the school board. Neither the city nor school authorities had ever designated the bank as a depository. The record shows that on June 22, 1929, the court allowed the city and school district the above respective amounts as valid claims for deposits. Later, while the claimants still owned the claims, there was paid by the receiver to each claimant a 10 per cent. dividend.

American Surety Company of New York was surety on the official bonds of C. R. Christiansen, both as treasurer of the city and of the school district. On September 12, 1929, the school district duly assigned to the surety all rights and claims against the receiver. On June 1, 1931, the city council likewise assigned to the surety its interest in the deposits.

No appeal was taken from the order of June 22, 1929, allowing the claims as deposits. On September 30, 1929, the March term of court adjourned *sine die* and the September, 1929, term began. In 1930 March and September terms were held, the latter adjourning March 9, 1931, when the March, 1931, term began. During this term, on July 15, 1931, American Surety Company filed its petition setting forth its rights as subrogee and assignee.

Without detailing the facts, it may be said the cash assets were always ample to have paid the claims if they had been allowed with priority to these depositors.

It does not appear in the record whether the bank or the city and the school district furnished the respective bonds and paid the premiums thereon. So the question as to whether the deposits were otherwise secured is not raised here as it was in the current case of *State v. State Bank of Omaha, ante,* p. 492. Nor, in view of the conclusion we reach, is it necessary to consider whether, on other grounds, these deposits were trust funds and entitled to be so rated if timely adjudication had been sought.

The order allowing the claims for these deposits was

made June 22, 1929. It was made by the court. The claimants, the city and the school district, did not ask for a reclassification nor did they appeal. They allowed that term to adjourn, *sine die,* and three succeeding terms to pass, before the American Surety Company, as assignee of the original claims, intervened and petitioned to have the claims adjudicated as based upon trust deposits. The petition of American Surety Company specifically alleged, with respect to each claim, that "such claim has been erroneously classified * * * as a general deposit" and prayed that "it be decreed to be a first lien upon the cash assets * * * with a right to priority of payment over all other claims."

In *Bliss v. Bryan,* 123 Neb. 461, it was held: "Where a court in a receivership proceeding allows a depositor of an insolvent bank a preferred claim payable from the guaranty fund, the order is a judgment." That the rule just quoted refers to the guaranty fund and to a preferred claim raises no distinction in favor of the claims here. The real point in controversy was whether, when the court allows a claim in a receivership matter, the order is a judgment. The writer of the opinion cites in argument a number of receivership cases in which interest was ordered upon claims after they were allowed by a court in a receivership matter and then said: "While it is not directly stated in these cases that the allowance of the claim by the court is a judgment, the principle upon which the court held that interest was allowable was based upon the assumption that an allowance of the claim was in the nature of a judgment." The cases cited on that feature of the case just referred to are: *State v. Nebraska State Bank,* 118 Neb. 660; *State v. Farmers State Bank,* 113 Neb. 679; *State v. Octavia State Bank,* 116 Neb. 825; *State v. Security State Bank,* 116 Neb. 526; *State v. Security State Bank,* 116 Neb. 530; *State v. Monowi State Bank,* 115 Neb. 396.

We have taken jurisdiction and considered as involving final judgments numerous cases on appeal from classifica-

tions by the court of claims in bank receiverships where either the claimant or receiver felt aggrieved. We are of the opinion that the correct rule is this: Where, in a bank receivership, the court allows a claim for a deposit, the order of allowance is a judgment.

American Surety Company as subrogee or assignee took the claims as it found them. Neither it nor they could modify the judgments after the term in which they were rendered except by invoking and bringing themselves under chapter 20, art. 20, Comp. St. 1929, providing for the vacation or modification of judgments at a subsequent term of the district court. This they failed to do. A district court has power to vacate or modify its judgments or orders after the term at which they were made, only for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929.

The judgment of the district court is

AFFIRMED.