STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. SOUTH OMAHA STATE BANK, E. H. LUIKART, RECEIVER, APPELLEE: GLENS FALLS INDEMNITY COMPANY, INTERVENER, APPELLANT.

282 N. W. 382

FILED NOVEMBER 18, 1938. No. 30385.

*Kennedy, Holland, De Lacy & Svoboda* and *Edwin Cassem,* for appellant.

*F. C. Radke* and *O'Sullivan & Southard, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an appeal from an order of the district court for Douglas county denying the claim of the Glens Falls Indemnity Company that it was the owner of a certain deposit in the South Omaha State Bank of Omaha, Nebraska, at the time it became insolvent.

It appears from the record that John McGurk, the president of the bank, entered into an agency contract with the Glens Falls Indemnity Company in which he agreed to write various kinds of insurance for the company. It was further agreed that all premiums paid to the agent should be held at a fiduciary trust until delivered to the company. It further appears that C. W. Hepler was associated with McGurk in the Glens Falls Indemnity Company contract. Premiums received were deposited in an account entitled "Insurance Department, South Omaha State Bank, Omaha, Nebraska." At the time the bank was closed, the bank's records showed a balance of $1,472.58 in this fund. On the day the bank closed, McGurk delivered a check for $1,402.21 on the fund to the Glens Falls Indemnity Company, which was never paid. This check was given in settlement of the amount due the company for the month of June, 1931. The bank closed its doors on August 14, 1931, and at that time the amount owing by the agency to the company was $1,846. The company filed a claim with the receiver of the bank for $1,846, and C. W. Hepler also filed a claim for $1,472.58, the amount shown in the account on the records of the bank. On December 18, 1931, the receiver classified both claims as invalid, and the district court thereupon allowed 45 days for each of said claimants to file petitions in intervention to establish their claims.

On February 1, 1932, C. W. Hepler filed a petition in intervention under the name of "Insurance Department of the South Omaha State Bank, by C. W. Hepler, its agent." On March 30, 1932, the court sustained a demurrer to the petition and on the same day granted the Glens Falls Indemnity Company leave to intervene. On March 31, 1932, the petition in intervention of the company was filed. After a trial of the case, the court by a decree entered on April 28, 1937, disallowed the claim and the Glens Falls Indemnity Company now brings the case to this court for review.

The contention is made that the district court was without jurisdiction to authorize the filing of a petition in intervention in behalf of the Glens Falls Indemnity Company. It appears that on December 18, 1931, an order was entered ordering all persons with claims that were classified as invalid by the receiver, and who were dissatisfied with such classification, to file petitions in intervention within 45 days. The Glens Falls Indemnity Company obtained leave to and did file its petition in intervention more than 45 days after the order was made and at a subsequent term of court. The attorneys for the receiver contend that under the holdings in *State v. Security State Bank*, 125 Neb. 516, 251 N. W. 97, and *Bliss v. Bryan*, 123 Neb. 461, 243 N. W. 625, the order approving the classification of claims is a final judgment which cannot be modified at a subsequent term unless it comes within the provisions of chapter 20, art. 20, Comp. St. 1929. We quite agree that the allowance of a claim by the court is a judgment and the cases above cited are authority for this statement. But an order requiring the formation of issues and pleadings within a time to be fixed by the court on a claim that has been classified as invalid by the receiver presents an entirely different question. The applicable part of the statute in force at the time was as follows: "At the time of said hearing, the court shall fix a time for hearing on the claims filed by the receiver as invalid, and recommended by him for disallowance, * * * and the court shall direct the manner of making

up the pleadings on said claims and the notice which shall be given thereof to claimants." Comp. St. 1929, sec. 8-1,100. It will be noted that this statute does not provide for the entry of a judgment disallowing the claims classified by the receiver as invalid. As a matter of fact it provides for a further hearing on claims classified as invalid before a judgment is entered. It will also be observed that the manner of making up the pleadings and the notice to be given rests in the discretion of the trial court. Under such circumstances, the court had the right to authorize the Glens Falls Indemnity Company to file a petition in intervention after the 45 days provided therefor by the court's previous order had elapsed. No definite limitation for the filing of petitions in intervention having been fixed by the statute and the manner and time of their filing having been placed expressly within the discretion of the district court, no error in permitting the filing of the petition in intervention has been shown.

It is not disputed that John McGurk had the sum of $1,472.58 on deposit in the South Omaha State Bank under the name of "Insurance Department, South Omaha State Bank, Omaha, Nebraska." On the day the bank closed McGurk delivered a check to the Glens Falls Indemnity Company in the amount of $1,402.21. The company insists that this constitutes an assignment *pro tanto* of $1,402.21 of the amount on deposit.

A check is not ordinarily an assignment *pro tanto* of the fund in the drawee bank. Comp. St. 1929, sec. 62-1606; *State v. State Bank of Belvidere*, 122 Neb. 797, 241 N. W. 755.

The contention is advanced that the Glens Falls Indemnity Company comes within the exception that a check may operate as an equitable assignment of moneys belonging to the drawer in the hands of the drawee when it is drawn against a specific fund with such particularity as will clearly show the intent of the parties to charge the special fund. In support of this contention, appellant cites the following quotations from American Jurisprudence:

"It is clear, from the provision of the Uniform Negotiable Instruments Act that a check 'of itself' does not operate as an assignment, that special facts and circumstances attending the drawing and delivery of a check may give to its issuance the character of a *pro tanto* assignment of the funds in the hands of the drawee. Thus, it appears that an express agreement between the drawer and drawee that the check will be paid by the drawee from the funds of the drawer on deposit will have this effect, even though such agreement may be unknown to the payee. Upon like principle, if the check is drawn upon a particular, specific, and designated fund, it will be treated as an equitable assignment *pro tanto* of that fund." 7 Am. Jur. 387, sec. 535.

"Although a check may not of itself operate as an assignment of the drawer's funds on deposit with the drawee bank, yet it has been the well-settled rule, both before and after the adoption of the Uniform Negotiable Instruments Act, that a check drawn upon the whole or a part of a particular or specific fund, though the check is unaccepted or is not certified, operates as an equitable assignment *pro tanto* of such fund as between the drawer and the payee and as against mere volunteers and parties charged with notice, and gives the holder a right in equity to recover the amount from the drawee bank." 7 Am. Jur. 388, sec. 536.

It cannot be disputed that premiums collected by McGurk for the Glens Falls Indemnity Company were deposited in this fund. The record also shows that other funds, the origin of which is not shown by the record, were also deposited in the same account. None of them was deposited for any specific purpose. It is apparent that these funds were deposited in the name of "Insurance Department" for the convenience of McGurk and for no other purpose. They were subject to check by McGurk and for all purposes appear to have been treated as an ordinary checking account by him. Under these circumstances, a debtor and creditor relationship was established between McGurk and the South Omaha State Bank. The check given by McGurk to the Glens Falls Indemnity Company for $1,402.21 is in

no different status than a personal check drawn by him on the bank. There are no special facts or circumstances shown in the record that take it out of the general rule that a check does not of itself constitute a *pro tanto* assignment of the fund against which it is drawn. The assets of the bank were in no way augmented by the transaction. The transaction includes no circumstances from which it could be inferred that there was any intention on the part of McGurk to assign an interest in this deposit. There having been no presentment and acceptance of the check by the South Omaha State Bank, the Glens Falls Indemnity Company has obtained no rights against the bank or its receiver.

Appellant contends that the fund designated as "Insurance Department" in the bank was a trust fund created for the benefit of the Glens Falls Indemnity Company. There is no direct evidence of any such an arrangement. The record shows that moneys obtained from premiums on insurance written for the Glens Falls Indemnity Company were placed in this fund. But other funds were also kept in this same account, the source of which the record does not disclose. The amount of the fund that was derived from premiums on insurance sold for the Glens Falls Indemnity Company is not satisfactorily established by the record. There is no evidence of any intent to segregate the fund from the funds of the bank. It was clearly intended by McGurk as a general deposit for his own convenience. The knowledge of the bank was no greater than that of McGurk himself, he being its president. Essential elements are lacking to make the Glens Falls Indemnity Company the beneficiary of a trust.

The trial court was therefore right in denying the claim of the Glens Falls Indemnity Company. The judgment is

AFFIRMED.