Maxwell, J.
The drafts in question were drawn in favor of W. H. James, acting governor, or order, and were drawn for money due the state from the United States. McCann was a stockholder and president of The Nebraska City Nati onal Bank, and was fully aware that the drafts in question belonged to the state, and that James had no interest in them whatever, but was merely the medium to transfer them to the state treasmw. James testified in regard to the first draft received, that “the transaction took place in The Nebraska City National Bank. All my con ver *336 sation with McCann was there. I indorsed the treasury draft at the counter of the bank, and received from him, or some one in the bank, a certificate of deposit. I supposed it to be the certificate of the bank, and not that of D. J. McCann, or D. J. McCann & Co. I did not know there was such a firm, or that he was a member of it. I dealt with him in the bank, and as an officer of the bank, and I supposed I was dealing with The Nebraska City National Bank.” In regard to the second draft he testified: “McCann was present, during all the conversation with O’Hawes, and knew the source from whence the fund was derived. The second draft was also a part of the militia indemnity fund, received from the United States, and was part of the same fund as the first draft which McCann brought from Washington. It was not handed to me until I had consented to allow Pat. O’Hawes to be paid the seven hundred and fifty dollars. It was then handed to me, and I indorsed it and handed it to McCann, who turned and handed it to the cashier or clerk that stood near, who must have heard the previous conversation, for without directions or instructions from McCann as to what was to be done with it, he took the treasury warrant so indorsed, and paid O’Hawes, as I supposed, the seven hundred and fifty dollars.” This testimony is not contradicted.
The rule is well settled that notice to a director or knowledge derived by him, while not engaged officially in the business of the bank, cannot operate to the prejudice of the latter;' but notice to the cashier of a bank ordinarily will be notice to the bank. Conant v. Seneca County Bank, 1 Ohio State, 298. Sturges v. Bank of Circleville, 11 Id., 153.
The president of a national bank, being a stockholder and director, is presumed to be desirous of promoting its welfare. He is its chief executive officer, and has a gen *337 eral supervision of its affairs. Notice to him will be notice to the bank. Porter v. Bank, 19 Vt., 410.
In this case McCann is shown to have drawn on New York, as president of the bank, for five hundred dollars, in favor of 0’IIawes as fees, which appears to have been paid and charged to the bank. It also appears that he received the drafts in the bank, as an officer of the bank; and he as presiding officer has verified the answer of the bank in this case. It is claimed, however, that McCann received the drafts in his own name, and in a transaction of his own separate and apart from the bank, and that after having so received them, he transferred them to the bank and was credited the amount thereof on his account. Therefore, although' a cause of action may exist against him, the bank is not liable.
There is no proof whatever of any arrangement between James and McCann, whereby McCann was to take these drafts as an individual, or as a member of the firm of D. J. McCann & Co., while on the other hand James swears positively that he supposed he was dealing with the bank.
The intention of James being, as shown by the testimony, to deliver the drafts to the bank, the fact that Mc-Cann received them and afterwards indorsed them, does not change the character of the transaction, nor make it a personal one between McCann and James.
The drafts having been delivered to McCann as an officer of the bank, at its counter during business hours, were delivered to the bank; and notice to McCann that James was not the owner of the drafts, and had no interest therein whatever, was notice to the bank of those facts. And the drafts themselves contained on their face sufficient to put the purchaser upon inquiry as to whether James was the owner or not. It is unnecessary to examine the case farther. The bank having purchased these drafts, with notice that they belonged to the state, and having collected the same, is indebted to the state for the amount so re *338 ceived ; and no deduction can be made for the amount paid by the bank to O’Hawes, it having been paid without authority of law. The judgment of the district court is clearly right, and must be affirmed.
Judgment affirmed.