F. F. Bedell v. Harbine Bank of Fairbury.

Filed June 19, 1901. No. 10,044.

Commissioner's opinion, Department No. 3.

1. **Bank Check:** Agreement of Payee with Forwarding Bank. If the payee of a check drawn upon a bank in this state indorses and delivers it to a bank in a neighboring town for collection, and accompanies the act with a request that it be not immediately presented for payment and agrees that it may be sent

for collection through a distant bank situate outside the state, the indorsee will not be liable for the consequences of the delay necessarily incident to the course adopted, nor for the default or negligence of the bank chosen to make presentment for payment.

2. ———: LIABILITY OF INDORSEE: SENDING CHECK TO DISTANT BANK. If the payee of a check drawn upon a bank in this state indorses it to a bank in a neighboring town for collection and the latter, without the knowledge or consent of the payee, sends it for collection through a distant bank situate outside the state, thereby consuming three days for making a presentment for payment which might have been made in one day, the indorsee will be liable for the consequences of such delay and for any default or negligence of the bank chosen to make the collection.

ERROR from the district court for Jefferson county. Tried below before LETTON, J. *Reversed.*

*E. H. Hinshaw,* for plaintiff in error.

*W. H. Barnes, contra.*

AMES, C.

On Saturday, the 26th day of October, the plaintiff in error, Bedell, was the payee named in a check drawn by C. F. Dawson, on the Steele City Bank, in this state, and indorsed and delivered it to the defendant in error, the Harbine Bank of Fairbury, Nebraska. It is testified by the cashier of the latter bank, with whom the business was done, but denied by Bedell, that at the time of the transaction the latter told the former, in substance, that the drawer, Dawson, had not at present a sufficient deposit for the payment of the check and that he, Bedell, preferred that it should not be presently presented for payment, and that to this the cashier replied, it then being late in the day, that on the following Monday he would send the check for collection to the First National Bank of St. Joseph, Missouri, by which it would be forwarded to the Steele City Bank, the drawee, for collection, so that several days would necessarily elapse before its presentment for collection. It is not disputed that the check was, on Mon-

day, sent to the St. Joseph bank and on the next day sent by it to the Steele City Bank, which latter received it on Wednesday, the 30th, and retained it until after Monday, November 4, when the Steele City Bank ceased to do business and went into the possession of an official representing the state board of banking. So far as it is shown by the record, the check has never been paid. At the time the check was indorsed to the Harbine Bank Bedell received credit for its amount, but it is not denied that the indorsement was for collection only, and that the services of the indorsee were to be, and were, rendered without compensation. On Wednesday, the 30th of October, and again on Saturday, the 2d of November, Bedell was told by the cashier that nothing had been heard from the check and that he presumed, therefore, that it had been paid, and on the latter date Bedell was permitted to withdraw the amount from the Harbine bank. On Monday, November 4, Bedell removed to Kansas City, and he seems never to have been formally notified of the non-payment of the check, nor to have learned of that fact until several days later. This action was brought by the Harbine bank against Bedell to recover the amount of the check as having been paid to him without consideration, and resulted, upon a trial before Judge Letton and a jury, sitting in the district court for Pawnee county, in a verdict and judgment for the plaintiff. Bedell prosecutes a petition in error in this court.

The issues, as above outlined, were fairly, and somewhat more fully than here, stated to the jury by instructions, but they were instructed that although they should find that the agreement was made as testified to by the cashier, yet, if they should further find that there was negligence by the St. Joseph bank in presenting the check for payment, or by the Harbine bank in notifying Bedell as soon as it had itself received notice of non-payment, the latter bank could not recover. There is no evidence that the Harbine bank ever received formal notice of non-payment. These instructions were, in this aspect of the case,

at least as favorable to the plaintiff in error as the circumstances of the case justified. If the jury believed the testimony of the cashier, which they apparently did, they were bound under the authority of *First Nat. Bank of Pawnee City v. Sprague,* 34 Nebr., 318, to return a verdict for the defendant in error. It is decided by that case that when a bank, without compensation for its services, receives and forwards commercial paper for collection, and is guilty of no negligence in selecting the person to whom it is sent, the latter, and not the bank, will be treated as the agent of the owner of the paper, and the bank will not be responsible for the negligence or default of its correspondent. If such is the law in an instance in which the owner is not consulted as to the selection of the person chosen to make the collection, much more certainly is it so when he is so consulted and participates in, or at any rate assents to, the choice, and in a general way to the methods to be employed. In such case, the place of residence or of business of the person so chosen is immaterial. There is evidence that continuously from the date of the check until the Steele City Bank closed, the drawer had on deposit therein funds sufficient for its payment. The plaintiff in error requested of the court the following instruction, which was refused: "The court instructs the jury that if you find from the evidence that the Steele City Bank paid checks which were presented to it for payment during the week following October 28, 1895, where the drawer had funds to his credit in said bank, and if you further find that the plaintiff did not notify the defendant promptly and within reasonable time of the failure of said Steele City Bank and non-payment of the check in controversy in this action, and if you further find that there was no agreement between the plaintiff and defendant in relation of said check, except the ordinary implied contract for the collection of commercial paper, then you will find for the defendant." The refusal of this instruction was error, to which the defendant below took due exception and which he has properly assigned in this court.

The facts are undisputed that the check was finally sent for collection to the drawee bank, which retained it for several days and until the institution closed. It is not pretended that any formal notice of dishonor was ever given, or attempted to be given, to the drawer or to the indorser, Bedell. Under the law, as announced in *Western Wheeled Scraper Co. v. Sadilek,* 50 Nebr., 105, the drawer was, by these circumstances, discharged. Fairbury, at which the Harbine bank is situate, and Steele City, the location of the drawee bank, are distant from each other about twelve or thirteen miles on a railroad which, at the time of the transaction in question, operated a daily mail train between them in each direction. In the absence of agreement, the defendant in error would, under the authority of the case just cited and that of *First National Bank of Wymore v. Miller,* 37 Nebr., 500, have been inexcusably negligent in sending the check for collection through the agency of the St. Joseph bank, thus consuming three days' time in doing what might have been done in one day, and would be also responsible for the negligence of the latter bank in sending the check directly to the drawee either to make payment or give the requisite notice of dishonor. In such case, any of these circumstances would have been sufficient to discharge the drawer, irrespective of whether the latter suffered actual damages by the loss of his deposit in the Steele City Bank, and the consequences of such discharge would have fallen on the Harbine bank. In such case, the rule announced in *First National Bank v. Sprague, supra,* when the correspondent bank is situate in the same locality as the drawee, is not applicable. In the absence of the alleged agreement, the Harbine bank is responsible for the consequences, not only of the delay occasioned by sending the check to the St. Joseph bank, but for any default or negligence committed by the latter which, under the undenied facts disclosed by the record in this case, would, as a matter of law, preclude the plaintiff below from recovery, and the plaintiff in error had a right to have the jury so told.

It is recommended that the judgment of the district court be reversed and a new trial awarded.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and a new trial awarded.

REVERSED.