HORACE HENEFIN, APPELLEE, v. LIVE STOCK NATIONAL
BANK OF SIOUX CITY, IOWA, APPELLANT.

FILED DECEMBER 24, 1927. No. 24795.

*Charles H. Kelsey* and *E. A. Burgess*, for appellant.

*M. F. Harrington* and *C. B. Scott, contra.*

Heard before Goss, C. J., Dean, Day, Good, Thompson and Eberly, JJ., and Redick, District Judge.

Redick, District Judge.

Case heard before the commission, and opinion of affirmance rendered and adopted by the court. A motion for rehearing was filed and allowed, and hearing had before the court, and is now before us for final disposition.

The facts are not in serious dispute. Plaintiff, appellee, on March 24, 1923, indorsed and deposited with the Nebraska State Bank of O'Neill a check payable to his order for $1,353.16, drawn by his son Edward Henefin upon the First National Bank of Gregory, South Dakota, where the drawer had sufficient funds on deposit to meet the check. The same was received and credited in the open account of plaintiff, and on the same day $500 or $600 was withdrawn by checks of plaintiff. On the same day the O'Neill bank indorsed the check for collection to its correspondent in Sioux City, Iowa (defendant and appellant), which received it March 26 and forwarded it by mail to Northwestern National Bank of Minneapolis, Minnesota, which received it March 27, and on same day delivered it to Federal Reserve Bank of Minneapolis, which forwarded it direct to First National Bank of Gregory with other items for collection aggregating $1,780.95. It was presented for payment on the 29th to the Gregory bank and was paid with other items by the latter by its draft upon and in favor of the Federal Reserve Bank. The check in question was marked paid, charged to his account and later surrendered to the drawer. This draft was not paid. The Gregory bank failed March 29. On March 26 and 27 the Gregory bank was overdrawn at the Federal Reserve Bank to the amount of $2,962.43 and on the 29th $4,303.21. On March 27, 28, and 29, the Gregory bank had actual money in its vaults about $1,400, enough to pay plaintiff's check, but not sufficient to pay all checks outstanding and presented, in excess of $2,200. The amount of the check in question was charged back by defendant to the O'Neill

bank, which acquiesced in that charge and claimed reimbursement from plaintiff. Thereupon plaintiff reimbursed the O'Neill bank and took an assignment of all its rights and claim against defendant. Plaintiff brings this action for damages claimed to have resulted from negligence of defendant in forwarding and presenting the check. There was a trial to the court and finding and judgment for plaintiff for amount of check and interest. Defendant appeals.

The negligence complained of consists of the routing of the check by way of Minneapolis, instead of sending it direct to defendant's correspondent at Gregory, the Commercial State Bank; and the forwarding by Federal Reserve Bank to drawee bank direct. And plaintiff claims that, had defendant used ordinary care, the check would have been presented and paid before the Gregory bank failed. On the other hand, defendant contends that it acted in the usual and customary manner in the handling of such matters and with ordinary care and is not liable; furthermore, that if the check had been presented on the 27th or 28th, the earliest time it could have been presented, it would have been paid by draft with the same result, and the delay in presentment caused no loss.

Plaintiff grounds his right to recover on two propositions: (1) That defendant was negligent in the circuitous routing of the check, and (2) that the Federal Reserve Bank, the agent selected by defendant, was negligent in sending the draft direct to the drawee bank instead of some other bank at Gregory. Plaintiff takes the position (1) that he was the owner of the check in question and its proceeds, and that defendant was his agent for collection; plaintiff had no dealings direct with defendant, but only through the O'Neill bank acting, as is claimed, as his agent, who selected defendant as collection agent; and (2) that defendant is liable to the O'Neill bank, his assignor.

If plaintiff was owner of the check and the O'Neill bank received it only for collection, then the Sioux City bank and its successors in the collection chain were agents of plaintiff and respectively liable to him for their negligence

causing loss. *First Nat. Bank v. Sprague,* 34 Neb. 318. That case discusses the Massachusetts rule and the New York rule in such cases, and adopts the former to the effect that the bank of deposit for collection is only liable for negligence if it fails to select a proper correspondent, but, having done that, is not responsible for the negligence of the correspondent bank, which is considered the agent of the owner. The New York rule held the bank of deposit liable for its own negligence and also that of all other banks in the chain of collection. It is suggested by plaintiff that the Massachusetts rule has been abrogated in this state by the later case of *Bedell v. Harbine Bank,* 62 Neb. 339. In that case the Harbine bank received the check for collection and, in consequence of a circuitous routing, presentment was not made for three days, when it could reasonably have been made in one, amount of check being thereby lost. The suit was by the bank against the payee as indorser, and it was held that the indorser was discharged by the delay, citing *Western Wheeled Scraper Co. v. Sadilek,* 50 Neb. 105, and *First Nat. Bank v. Miller,* 37 Neb. 500. The first of these cases was by the payee against the drawer of the check, who was held released by negligence of the bank selected by the payee as its agent for collection; and the second by the bank of deposit against the indorser, who was held released by negligence of indorsee bank in presenting the check for payment. Both support the conclusion in the *Bedell* case that the indorser was discharged by the delay in presenting the check, but do not discuss the Massachusetts rule. If the present case was by the O'Neill bank against plaintiff on his indorsement, the three cases would be applicable, and would require the discharge of the indorser; but they are not in point in this case, which is for damages for negligence. True, it was said in the *Bedell* case, page 343: "The defendant in error (the Harbine bank) would * * * have been inexcusably negligent in sending the check for collection through the agency of the St. Joseph bank, thus consuming three days' time in doing what might have been

done in one day, and would be also responsible for the negligence of the latter bank in sending the check directly to the drawee either to make payment or give the requisite notice of dishonor." And: "The Harbine. bank is responsible for the consequences, not only of the delay occasioned by sending the check to the St. Joseph bank, but for any default or negligence committed by the latter" —and this proposition was repeated in the syllabus; but in none of the three cases was the rule under discussion involved. We are therefore constrained to hold as *dictum* the statements quoted as to the responsibility of the bank of deposit for the negligence of its agents, and that *First Nat. Bank v. Sprague,* 34 Neb. 318, is still the law of this state. Moreover, that case was distinguished (not overruled) in the *Harbine* case, and was cited with approval in the later case of *Crilly v. Ruyle,* 87 Neb. 367.

The Massachusetts rule, however, is only applicable to cases where the bank receives the check for collection, not to those in which it becomes the owner of the check and makes the collection on its own account. It is therefore important to discover the precise relation of the bank to the check, whether owner or merely collecting agent. The petition alleges that he "indorsed said check and delivered the same to the Nebraska State Bank of O'Neill, Nebraska, and he deposited said sum of money in said bank to his credit in an open account and said Nebraska State Bank gave him credit for the amount of said check," and plaintiff testified that he sold the check to the bank, that he did not deposit it for collection—"nothing said about collection." The cashier of the bank testified that the account was credited with the amount of the check, and the same sent to defendant bank for *credit,* not for collection, and the assignment recites that by the indorsement and credit the bank "itself became the owner of the said check." It therefore appears that the bank became the owner of the check and by the deposit the relation of debtor and creditor was established between the bank and plaintiff. We conclude from what has been said that plaintiff has

not brought his case within the Massachusetts rule; that defendant was not his agent, and is not responsible in this action to plaintiff under his first proposition.

It remains to determine whether plaintiff may recover as assignee of the O'Neill bank, in which capacity he merely stands in the place of the bank.

The material facts are that the O'Neill bank was the owner of the check and deposited it with defendant for credit March 26, 1923, and received acknowledgment thereof in the usual form in which such transactions had been handled for some years, containing the following:

"All items are credited subject to final payment as follows: All items received by this bank for collection or credit are taken at the depositor's risk. This bank will not be liable for neglect or failure of the channels or parties to whom, or through whom, such items have been sent; nor for loss in transit; nor will it be liable for returns thereon until such returns have been cashed. Should any bank convert the proceeds or remit therefor in checks or drafts, which are dishonored, the amount for which credit has been given will be charged back and the item or items returned to the depositor. Unless instructions to the contrary are given, this bank reserves the right, at its discretion, to send any items direct to the bank on which drawn. When so sent, none of the above conditions are waived or suspended, and the customer in depositing in this bank agrees to be bound by the above rules and regulations.

"Please check this transcript promptly and preserve it for reference, as we furnish no other statement. Any errors or omissions should be reported immediately and unless so reported this statement will be considered correct."

The subsequent handling of the check has been detailed above.

Plaintiff contends that defendant was negligent in routing the check by way of Minneapolis and thus delaying presentment 24 hours, as it would have been presented for

payment on the 28th if it had been sent direct to Gregory from Sioux City; also that Federal Reserve Bank was negligent in sending the check direct to the drawee bank.

Defendant insists that routing through the Federal Reserve Bank, where Gregory bank kept its reserve, was the customary and regular course and in accordance with banking regulations.

The effect of the dealings between the O'Neill bank and defendant under the acknowledgment above quoted is that defendant received the check for collection, and outside the question of routing, no question is made but that the two Minneapolis banks were proper agents to make the collection. It follows that the Sioux City bank is not liable to the O'Neill bank, nor its assignee, for the negligence, if any, of those two banks. *First Nat. Bank v. Sprague*, 34 Neb. 318.

Whether or not there was negligence of defendant in routing the check as it did is extremely doubtful in view of the regulations of the Federal Reserve Board and the universal custom in that regard; we do not deem it necessary to decide this question. Assuming the negligence charged, plaintiff has failed to show that such negligence was the proximate cause of the loss; this he is required to do in this kind of action. *State Bank v. Carroll*, 81 Neb. 484. In this respect the case differs from those which seek to charge an indorser, in which class of cases the discharge follows an unreasonable delay irrespective of any loss to the indorser. *First Nat. Bank v. Miller*, 37 Neb. 500. It appears, it is true, that there was in the Gregory bank on March 27, 28, *and 29,* $1,400 from which this check *might* have been paid, but this is far from proving that it would have been paid if it had been presented on the 27th or 28th; the situation was the same on the 29th as upon the previous days. Furthermore, on those days there were checks presented for payment in an amount in excess of $2,200, and it cannot be maintained that the check in question had any priority over the others presented at the same time. On the 27th checks for $429.06 were presented by

the Federal Reserve Bank, and if paid in cash would have reduced the balance to about $1,000, but these checks were covered by the draft of the 29th for $2,210.01 which included the check in question. It further appears without dispute that for over three months prior to this transaction the other banks of Gregory would not accept the drafts of the First National except for collection; also that for nine years it had been the custom with the Gregory banks to settle clearing balances in excess of $20 or $25 by draft, and that if the check in question had been presented by one of the other Gregory banks a draft would have been accepted in payment. Thus, it appears that there is no evidence upon which to base a finding that the check would have been paid in cash had it been presented on the 27th or 28th. In this situation a finding that the delay of 24 hours was the proximate cause of the loss is not warranted and the action of plaintiff as assignee must fail.

It is further contended that appellant was negligent in selecting the Federal Reserve Bank, knowing that the latter would send the check direct to the drawee bank which, prior to enactment of chapter 29, Laws 1925, of this state, was held to be an act of negligence (*Western Wheeled Scraper Co. v. Sadilek,* 50 Neb. 105) ; but by the terms of its deposit with defendant the O'Neill bank expressly consented to that procedure and its assignee is bound thereby. It also agreed that the check might be charged back if any bank remit therefor by draft which was dishonored. Surely, in the face of this contract, the O'Neill bank could not recover from defendant and its assignee has no greater right. It appears to us that plaintiff has mistaken his legal rights, and could have successfully defended an action by the O'Neill bank to charge him as indorser of the check in question.

It follows that the order adopting the opinion of the commission and such opinion must be set aside, and the judgment of the district court reversed.

REVERSED.