WOODS BROTHERS CORPORATION, APPELLANT, v. MARTHA FRANCKE, APPELLEE.

FILED MARCH 2, 1932. No. 28170.

*Woods, Woods & Aitken* and *I. E. O. Pace,* for appellant.

*Mockett & Finkelstein, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

DAY, J.

This action was brought to recover the amount due for the purchase price of a mortgage bond. The price of the bond was $1,018.68, of which $18.68 was paid, and plaintiff now sues for $1,000. At the time of the sale, October 2, 1929, the defendant tendered in payment of the $1,000 a check dated September 24, 1929, of a third person, payable to defendant and indorsed by her in the said amount, drawn on the Bank of Eagle, Nebraska. The plaintiff deposited this check in its account in the Central Trust Company of Chicago, Illinois, and it was forwarded to the Federal Reserve Bank at Omaha, Nebraska, and by it sent to the Bank of Eagle, Nebraska, for payment, October 8, 1929. The check remained in the Bank of Eagle without remittance on the 8th, 9th, and 10th of October, and on October 11 the Bank of Eagle closed. During the period the check was in the Bank of Eagle, the only bank in Eagle, the bank was open for business, accepting deposits and paying checks, and had cash in its vaults and credits in correspondent banks sufficient to pay the check. The maker of the check had sufficient funds in his account in the Bank of Eagle to pay the check. From a judgment in favor of the defendant in the district court, the plaintiff appeals.

There is no substantial dispute in the facts relative to this transaction, but there is a dispute between the parties as to the legal effect to be deduced from these facts. The defendant contends that Woods Brothers Corporation took the check in payment for the real estate bond delivered to her, while the plaintiff insists that it took the check for collection only. On October 2, the date the check was indorsed in blank and delivered to Woods Brothers Corporation, the plaintiff delivered to the defendant a real estate bond of $1,000. Thereupon the defendant became the owner of said bond and Woods Brothers Corporation became the owner of said check. *Henefin v. Live Stock Nat. Bank,* 116 Neb. 331. The defendant was in no position to maintain an action on the check

and was unable to present it for payment and was not the owner thereof. True, on October 2 the defendant was liable as indorser, but this suit is not brought against the defendant as such indorser. As such indorser she would not have been liable because of the delay caused by the circuitous routing by the deposit of the check in the Chicago bank as before outlined, as such delay was sufficient to discharge the indorser. *First Nat. Bank of Wymore v. Miller,* 37 Neb. 500; *Bedell v. Harbine Bank,* 62 Neb. 339.

On the other hand, the plaintiff contends that the check was not accepted from the defendant in payment but merely as conditional payment, and in view of the non-payment of the check, the defendant owes the original debt. To support this contention the plaintiff cites numerous cases, among which is *Chicago, B. & Q. R. Co. v. Burns,* 61 Neb. 793. In that case the check in question was an order of the paymaster to the treasurer of the railroad company to pay an employee. The check was stolen and it was paid upon a forged indorsement. It was held that the giving of this check was not the payment of the debt. Clearly, the rules announced in that case are not applicable here. However, conceding that the check was given to Woods Brothers Corporation as a conditional payment, it was charged with the duty of collecting it. A bill of exchange has been held to be payment if the holder through his own negligence fails to take proper steps to obtain payment. *Phoenix Ins. Co. v. Allen,* 11 Mich. 501; *Smith v. Miller,* 43 N. Y. 171. This court said in *Bedell v. Harbine Bank,* 62 Neb. 339: "If the payee of a check drawn upon a bank in this state indorses it to a bank in a neighboring town for collection and the latter, without the knowledge or consent of the payee, sends it for collection through a distant bank situate outside the state, thereby consuming three days for making a presentment for payment which might have been made in one day, the indorsee will be liable for the consequences of such delay and for any default or negli-

gence of the bank chosen to make the collection." The deposit of this check in the Chicago bank was a proper and convenient method so far as plaintiff was concerned, but it was not a discharge of its duty to the defendant. The delay in presentment caused by the circuitous routing of the check for collection was the cause of the non-payment of the check. On October 2, 1929, this check was transferred by indorsement of the defendant to the plaintiff. The plaintiff sent the check for deposit in its account in a Chicago bank, which in turn sent it to the federal reserve bank at Omaha, who sent it direct to the only bank in Eagle, the Bank of Eagle, to which the check was directed. The check reached the Bank of Eagle on October 8. Notwithstanding the fact that the bank was open for business and did receive deposits and pay checks on the 8th, 9th, and 10th of October, the check remained in the bank and no remittance was made thereon. The Bank of Eagle, Nebraska, is shown by the record to be 18 miles from Lincoln, connected by telephone lines and two trains each way each day. If the check had been deposited in a Lincoln bank, it would have reached Eagle on October 3 or 4 and the check would have been paid or nonpayment would have been known to the parties several days before the bank closed. As it was, the defendant did not receive notice until the check had been returned by the agent of the banking department in charge of the closed bank who returned it by the circuitous route by which it had come, that is, by way of Chicago; thereupon it was returned to Woods Brothers Corporation, who notified her on October 17; or 15 days after they had received the check. Regardless of the view taken of this case, as to the situation created by the facts, plaintiff is precluded from recovering in this case on account of their negligence in the collection of the check.

AFFIRMED.