LINCOLN NATIONAL BANK & TRUST COMPANY, APPELLANT,
v. SCHOOL DISTRICT No. 79, BOYD COUNTY, APPELLEE.

FILED MARCH 16, 1933. No. 28409.

*Good, Good & Kirkpatrick* and *W. A. Selleck*, for appellant.

*J. A. Donohoe, W. L. Brennan* and *Fred S. Berry, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ.

PER CURIAM.

This is an action brought by the Lincoln National Bank & Trust Company against School District No. 79, of Boyd county, to recover on certain registered warrants issued by the school district and held by the trust company. The district issued these warrants in payment of operating expenses. The warrants were genuine and regular on their face when the trust company purchased them from the Ponca Valley State Bank, of Monowi, Nebraska. R. A. Studley was the treasurer of the district and was the active managing officer of the Monowi bank at the time these warrants were issued, registered, and sold. Studley, as treasurer of the school district, deposited its money in his bank in a special account. The warrants involved in this controversy were paid upon presentation by the bank, but were not charged to the Studley treasurer account. When a number of them accumulated in the bank, Studley, as treasurer of the district, registered them and then, as managing officer of the bank, sold them to the trust company. Studley, as managing officer of the bank, wrongfully transferred the money from his account as district treasurer to other accounts. Studley was not faithful to his trust either as managing officer of the bank or as treasurer of the school district, and the present litigation results because of his wrong-doing. This is a mild portrayal of his manipulation of the accounts in the bank by Studley, but is sufficient for the purposes of this opinion. The district alleged two defenses, payment and set-off. The trial court, jury being waived, found in favor of the defendant district. There is some uncertainty although little dispute as to the facts. The trust company, as the assignee of

the bank, occupies the same position as the bank would if the assignment had not been made. School warrants are not negotiable instruments, and the rights of the plaintiff in this case are to be determined in the same manner as the rights of the bank, had the transfer not been made. *School District v. Stough,* 4 Neb. 357; *State v. Cook,* 43 Neb. 318; *Nebraska State Bank v. School District,* 122 Neb. 483. In *State v. Melcher,* 87 Neb. 359, we said: "School district warrants do not possess the qualities of negotiable paper, and the purchaser thereof takes them subject to all equities existing against the original holder." In *Henefin v. Live Stock Nat. Bank,* 116 Neb. 331, the rule is stated in another way, as follows: "Ordinarily, an assignee of a chose in action acquires no greater right than was possessed by his assignor, but simply stands in the shoes of the latter." It represents the universal rule. See annotation, 36 A. L. R. 949.

The question involved in this case is simplified by considering the situation which would exist, if the warrants had not been transferred, between the bank and the school district. There is no difference in the situation of the bank and the trust company, since the trust company bought the warrants at face value and in the regular course of business from the bank. There is no defense to the warrants in the hands of the trust company except such as could be urged against the bank. The bank acquired these warrants by payment from bank funds and did not charge them to the account of Studley as treasurer of the district. Could the bank recover from the district upon these warrants? The answer is obviously in the negative. A school district cannot become a depositor in a bank. Comp. St. 1929, secs. 79-405, 79-2008. A bank receiving a deposit by treasurer of a school district becomes trustee for the district. *State v. Midland State Bank,* 52 Neb. 1. And very recently we have held: "A bank receiving a deposit of funds of a school district, in the hands of its treasurer, who is also president and

managing officer of such bank, holds such funds as trustee for the district." *Nebraska State Bank v. School District,* 122 Neb. 483. The bank as the holder of these warrants, upon cashing them, knew that the deposit of Studley as treasurer of the district was money of the district which the bank held in trust. Substituting the name of Studley as treasurer in the language of the above cited case: "While it is a well-recognized rule that knowledge of an officer of a bank acquired while acting beyond the scope of his authority will not be imputed to the bank, we feel that under the circumstances in this case the knowledge of the treasurer, Studley, who was president and managing officer of the bank, should be imputed to it. *Brownell v. Ruwe,* 117 Neb. 407; *State v. American State Bank,* 108 Neb. 92; *Emerado Farmers Elevator Co. v. Farmers Bank,* 20 N. Dak. 270." The entire management and control of the bank's transactions, so far as the matters involved in this litigation are concerned, were in his hands. The bank received the deposit with the knowledge that it was funds of the district. Studley's act in registering the warrants as treasurer of the district and selling them as managing officer of the bank was to secure money for the bank. At the time the warrants were issued and wrongfully registered and sold, the bank had in its possession as a trust fund a sum aggregating the total amount of these warrants. It is immaterial that the total amount of all outstanding warrants was slightly in excess of the total amount of the district's money in the possession of the bank. Even though the outstanding registered warrants may have had a priority over the warrants in this controversy, the prior warrants were not paid, and in an action by the bank upon these warrants against the district, the bank would have been compelled to offset the amount of its deposit.

The other officers of the district did not know that these warrants had been registered, but intended and supposed that they had been paid by the treasurer from the

funds of the district. The payment of these warrants, whereby the bank claimed to secure possession and ownership of them, was of no benefit to the district. We are of the opinion that this case is controlled by the opinion in *Nebraska State Bank v. School District, supra.* The appellant distinguishes that case from the case at bar for the reason that the warrants in that case were irregular on their face so that they were not entitled to registration by the treasurer. In our view of the case, that is not a controlling distinction, because the right of the plaintiff to recover depends entirely upon the right of the bank to recover, and certainly, under the facts in this case, the bank could not recover. It is also argued that the sale of these warrants was not for the benefit of the bank, for that Studley, the managing agent of the bank, had embezzled the funds of the school district and had appropriated them to his own use. Even though the record indicates that Studley as managing officer of the bank and as treasurer of the school district had embezzled and appropriated money of the bank to his own use, it is also the fact that the bank sold these warrants and received the money therefor. Studley, it is true, negotiated the sale, but he did so as managing officer of the bank, and the funds derived from the sale went to the bank account and became funds of the bank. The fact that Studley embezzled funds of the bank did not change the right of the bank to recover against the school district.

The judgment of the district court is

AFFIRMED.