STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
CITIZENS BANK OF STUART, E. H. LUIKART, RECEIVER,
APPELLANT: FIRST NATIONAL BANK OF OMAHA,
INTERVENER, APPELLEE.

FILED JANUARY 26, 1934.   No. 28784.

*F. C. Radke, Frank Warner, Barlow Nye* and *Ziegler &
Dunn,* for appellant.

*Finlayson, Burke & McKie* and *J. A. Donohoe, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-
LEDGE and RYAN, District Judges.

DAY, J.

This is a proceeding in the receivership case of the
Citizens Bank of Stuart wherein the First National Bank
of Omaha, as intervener, seeks to establish a trust fund
in relation to a certain sum of money. The receiver clas-
sified the claim as a general deposit. The district court
held that the claim was a trust fund and a preferred
claim superior to all other claims against the assets of
the insolvent state bank. The receiver appeals from this
judgment.

The claim arose in this manner: Bert and Jesse Hoyt,
ranchers of Boyd county, Nebraska, executed and de-

livered to John M. Flannigan, president and one of the managing officers of the bank, their promissory note secured by chattel mortgage on some cattle. Shortly thereafter, John M. Flannigan sold, transferred and assigned this note to the First National Bank of Omaha. After the maturity of the note, the Hoyts executed a bill of sale for the cattle to Jepsen, an officer of the First National Bank as trustee therefor. At the same time, it. was agreed in writing between the Hoyts and Jepsen that the Hoyts should sell the cattle at private sale and remit the proceeds to Jepsen. In case the cattle were not sold prior to November 15, 1930, they were to be sold at public sale and the proceeds applied to the indebtedness of the First National Bank of Omaha. The contract also provided that in case the cattle or any of them were not sold, as agreed, they were to be delivered to Jepsen. Under this contract, a public auction sale of the cattle was held at the ranch by the Hoyts, not on November 15, but on November 17, 1930, and John M. Flannigan, president and managing officer of the Citizens Bank of Stuart, was one of the clerks. The expenses of the sale and the taxes were paid from the proceeds and John M. Flannigan on November 19 and November 20, 1930, placed the net proceeds, $8,040.51, in the Stuart bank as a deposit of Bert and Jesse Hoyt, without their knowledge or consent. The, First National Bank of Omaha was the owner of the fund in question. The chattel mortgage, the bill of sale covering the cattle, and the contract whereby the cattle were to be sold by the Hoyts establish this fact.

John M. Flannigan, president and managing officer of the Citizens Bank of Stuart, knew all about the transaction. He was the original payee and still had a liability on the note. As clerk of the sale, he knew that certain purchasers having knowledge of the transaction refused to take a bill of sale from the Hoyts and demanded one from Jepsen. But instead of turning the proceeds over to the First National Bank of Omaha, they were entered wrongfully as a deposit in the bank of Bert and

Jesse Hoyt, without their knowledge or consent, and the Hoyts do not now and never have claimed the fund. Jepsen asked for a settlement on the ranch immediately after the sale. Flannigan told him he would turn the proceeds over at Stuart. Jepsen made almost daily demands thereafter that Flannigan turn over the proceeds, which were refused. The bank closed December 1, 1930.

The knowledge of the president and managing officer, who with knowledge of the ownership of a fund in his possession wrongfully places it as a deposit in the name of another party without said party's knowledge and consent and who does not claim the fund, may be the bank's knowledge, and the deposit is a trust fund. *United States Nat. Bank v. Dunbar State Bank,* 118 Neb. 624.

"A bank receiving a deposit of funds of a village, the mayor and village clerk of such village then being the president and cashier of such bank, holds such funds as trustee for the village."

"Knowledge of the president and cashier of a bank who are also mayor and village clerk of a village, in the absence of actual notice or knowledge on the part of the village, will be imputed only to such bank when it appears that such officers are acting only for and in the interest of themselves and of the bank." *Union Nat. Bank v. Village of Beemer,* 123 Neb. 778.

"Knowledge of active managing officer of bank, where officer handled transaction, but acquired information as treasurer of school district, will be imputed to bank." *Lincoln Nat. Bank & Trust Co. v. School District,* 247 N. W. 433 (124 Neb. 538).

Where officer has knowledge fund belongs to one and deposits it to another's credit his knowledge is that of the bank. *McCann v. State,* 4 Neb. 324; *State v. American State Bank,* 108 Neb. 92. Knowledge of president and manager will be imputed to bank, where officer is acting for bank. *Nebraska State Bank v. School District,* 122 Neb. 483; *State v. Brown County Bank,* 112 Neb. 642.

The receiver in his brief states: "In the case of *First*

*Nat. Bank v. Flannigan,* 122 Neb. 545, it appears that the checks from this sale were not all cleared until the 1st day of December, 1930, the day on which the Stuart bank was closed. In this case the court found that Mr. Jepsen had authorized and ratified the actions of Mr. Flannigan when he agreed to come to Stuart for settlement and in carrying out the agreement between Jepsen and Flannigan the deposit was made in the Citizens Bank of Stuart with the consent and authority of Jepsen, resulting in a general deposit of the funds."

This was a different case between different parties and the evidence in that case is not before the court. The receiver is not in a position to urge that Flannigan was the agent of Jepsen and therefore of the First National Bank, since he offered Flannigan as a witness to prove that he was employed by the Hoyts as a justification for depositing the money in the name of the Hoyts.

The evidence in this case establishes beyond a doubt that neither Jepsen nor the First National Bank of Omaha by word or act ratified the act of Flannigan in depositing the fund in the name of the Hoyts. In fact, Jepsen's persistent demand for the money was annoying to Flannigan.

The appellant is mistaken when he asserts that the court in the above-cited case found that Jepsen ratified the deposit. We do not so read. Anyway, the evidence herein is that he did not know what had become of the money, until after the bank closed. If it is urged, indirectly, that these checks were put in the bank for collection and clearance, the fund is still a trust fund. Section 62-1812, Comp. St. 1929, which went into effect July 25, 1929, makes it such. *State v. Farmers State Bank, ante,* p. 427.

Other assignments of error, such as that the First National Bank waived its lien on the cattle and that the evidence did not show fund belonged to intervener, are not well taken in view of the overwhelming evidence to the contrary. The assets of the bank were augmented

wrongfully to the extent of the pretended deposit, not for the First National Bank, but in the name of the Hoyts. The bank gave up nothing in return.. The judgment of the district court is right and without error.

AFFIRMED.