STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. PLATTE VALLEY STATE BANK, E. H. LUIKART, RECEIVER, APPELLEE: NATIONAL SURETY COMPANY, INTERVENER, APPELLANT.

FILED MARCH 22, 1935. No. 29188.

*Hoagland, Carr & Hoagland,* for appellant.

*F. C. Radke, Barlow Nye, Milton C. Murphy* and *Halligan, Beatty & Halligan,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, PAINE and CARTER, JJ.

GOOD, J.

This is an appeal from a judgment dismissing petition of National Surety Company, intervener, asking allowance of a claim against an insolvent state bank, and praying that a trust be impressed upon the bank's assets in the hands of the receiver.

The Platte Valley State Bank (hereinafter referred to as the bank) was a banking institution organized under the laws of the state of Nebraska and located at North Platte. September 7, 1927, the bank was closed and adjudged insolvent. September 22, 1927, a receiver was appointed; he qualified and took possession of the bank and proceeded to wind up its affairs. October 8, 1927, the

receiver filed a petition setting forth the names and addresses of the creditors of the bank, as shown by its books or known by him to be creditors, and asked for an order limiting the time for filing of claims and fixing a day for hearing thereon. October 11, 1927, the district court for Lincoln county entered an order fixing the 7th day of December, 1927, as the time in which claims must be filed, and January 5, 1928, or as soon thereafter as they could be heard, for the hearing of claims. Due notice of this order was given by publication and by letter addressed to each of the known creditors of the bank, including intervener's assignor. The statute applicable seems to have been strictly complied with in every respect.

At the time the bank closed, School District No. 1 of North Platte had on deposit in said bank, and represented by a certificate of deposit, $14,532.51. L. E. Mehlmann was the treasurer of the school district and also assistant cashier of the bank. Mehlmann, as treasurer of the school district, filed a claim with the receiver for the amount represented by the certificate of deposit, but did not claim that the deposit was entitled to preference as a trust fund. The claim was classified by the receiver as a general deposit, and his classification was confirmed by an order of the court. Thus the school district's claim was duly allowed as a claim for ·a deposit and entitled to the preference which the statute accords to claims for deposits not otherwise secured and holders of exchange in a failed state bank. Thereafter a dividend of 7 per cent. was paid upon the claim by the receiver. Later the school district brought suit against Mehlmann, as treasurer, and National Surety Company, ·intervener herein, as surety on the treasurer's bond, and recovered judgment for the amount then due from the bank to the district. Intervener paid the judgment and took from the school district an assignment of its claim against the insolvent bank. January 21, 1932, intervener obtained an order from the district court authorizing it to intervene in the receivership proceeding, and to file the claim, herein asserted, for

preference, on the theory that the bank held the deposit as a trust fund. March 9, 1932, the petition in intervention was filed. To this petition the receiver interposed, among others, the defenses that the claim was barred by the statute of limitations and was *res judicata*. By the payment of the judgment and the assignment thereof by the school district to intervener, the latter became subrogated to all the rights of the school district. It then stood in the place of the district; its rights were neither superior nor inferior to those of the district. *Vanderlip v. Barnes*, 101 Neb. 573; *Henefin v. Live Stock Nat. Bank*, 116 Neb. 331.

Intervener contends that the action of the treasurer, Mehlmann, in filing the claim with the receiver was for his individual protection and not for the protection of the district. This contention is not well founded. The claim, on its face, shows that it was filed on behalf of School District No. 1, and in the verification Mehlmann stated that "the above and foregoing is a true and correct statement of School Dist. No. 1, No. Platte, against the Platte Valley State Bank." It is thus clear that the claim filed by Mehlmann was on behalf of the district.

Section 8-198, Comp. St. 1929, relating to the winding up of the affairs of an insolvent state bank under receivership, which was in force at the time the bank closed, *inter alia* provided that within a specified time the receiver should file a petition asking for an order of the court limiting the time for creditors to file their claims and fixing the time for a hearing thereon, and that, upon the hearing on such petition, the court should enter an order fixing the time for creditors to file claims against the bank at not more than 60 nor less than 30 days from the entry of the order; provided that notice of such order should be given of the time within which claims must be filed and when the claims should be heard in the court. Creditors of the bank were then required to file their claims within the time limit. Said section further provided: "Any claim not presented at the place or within the time fixed by such notice, shall be forever barred unless the court shall by

order direct payment thereof thereafter, which order may be entered upon a showing within six months from time fixed by such notice, that the creditor did not have knowledge of the closing of said bank within the time to permit filing of the claim before the date fixed by the court for hearing on claims."

The procedure provided by this statute appears to have been strictly followed. Mehlmann, on behalf of the school district, filed claim for the deposit within the time fixed by the court's order. It was classified by the receiver as that of a general deposit, entitled to preference given to claims of depositors not otherwise secured and holders of exchange. Thereafter an order was made barring claims that had not been filed within the time fixed by the court's order. Thus the claim was allowed as that of a general deposit. Such allowance of claim amounts to a judgment, and has so been decided by this court on numerous occasions. *Cleary v. Fidelity & Deposit Co.*, 117 Neb. 478; *Bliss v. Bryan*, 123 Neb. 461; *State v. Nemaha County Bank*, 124 Neb. 883; *State v. Security State Bank*, 125 Neb. 516. Some four years thereafter intervener obtained an order for permission to file its claim, seeking the establishment thereof as a trust.

Intervener contends that the provision of the statute fixing the time for filing claims relates only to those of depositors of the bank, but this contention is not well founded; otherwise, there would be no occasion for the classification of claims. The applicable statute provides that the claims of depositors, not otherwise secured, and of holders of exchange shall, subject to the claims of federal, state, county and municipal taxes, be a first lien upon the assets of the bank. Then, there are other claims for deposits that are otherwise secured and claims of general creditors, whether for merchandise, salaries, or other items of indebtedness on the part of the bank. The statute contemplates that all claims, the holders of which are looking for their satisfaction to the assets in the hands of the receiver, must be filed with the receiver within the

time prescribed in the court's order, unless such claimants did not have knowledge of the closing of the bank in time to file their claims within the time limit, in which case they are accorded six months' additional time within which to present their claims.

From the record it clearly appears that the character and status of intervener's claim were adjudicated by the court while the claim was that of the school district. No appeal was taken from the order, nor was it later modified. Several terms of court have passed, and the matter has become *res judicata*. Even if no claim had ever been filed with the receiver by the district, still no recovery could be had by intervener, because the school district's claim would have been barred by the statute, and, since intervener's rights are no greater than those of the district, its claim is likewise barred.

The judgment of the district court is

AFFIRMED.