CITIZENS NATIONAL BANK OF MUSKOGEE, APPELLANT, v. ROSCOE RAWLEY, APPELLEE.

FILED MAY 12, 1936. No. 29670.

*Fradenburg, Webb, Beber, Klutznick & Kelley,* for appellant.

*Marcell & Caldwell, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ., and YEAGER, District Judge.

DAY, J.

The Citizens National Bank of Muskogee, Oklahoma, brings this action upon an assignment of a contract to drill an oil well by Hutchinson with Roscoe Rawley. Hutchinson contracted with Rawley on July 5, 1933, to drill an oil well to a depth of approximately 1,500 feet for $1,250 in cash and, in the event of a producing well, an assignment of an undivided one-half interest in the lease on said land. Hutchinson on July 8, 1933, assigned this contract to the bank as collateral and was on that day loaned $550, and later was advanced other sums upon the credit of this contract. The plaintiff's petition alleged the contract between Hutchinson and Rawley, the assignment thereof to the bank for a valuable consideration, performance by Hutchinson of the contract, and the failure of Rawley to pay the contract price to it. The defendant's

answer is a general denial, and in addition a plea of payment to Hutchinson without knowledge or notice of the assignment.

At the conclusion of the plaintiff's testimony, the trial court directed a verdict in favor of defendant. The correctness of this judgment is challenged by this appeal. In reviewing a peremptory instruction in favor of defendant, it is a well-established rule that this court will assume the existence of every material fact which the evidence tends to prove. *Paxton v. State,* 59 Neb. 460, 81 N. W. 383; *Gilbert v. Bryant,* 125 Neb. 731, 251 N. W. 823. Measuring the plaintiff's evidence by this standard, it is established that the contract was executed and assigned to the bank for a valuable consideration; that Hutchinson did not repay the bank the loans made to him; that the defendant has not paid the bank anything on the assigned contract; and that the contract has been fully performed by Hutchinson.

An assignee of a chose in action makes a *prima facie* case by proving the execution of a valid legal contract, the assignment thereof, the performance by the assignor, and the failure of the debtor to pay the contract price.

Of course, the assignee of a chose in action acquires no greater rights than those of the assignor, and the debtor may usually avail himself of the defenses available to him against the assignor. *Lincoln Nat. Bank & Trust Co. v. School District,* 124 Neb. 538, 247 N. W. 433.

In Restatement, Contracts, sec. 167 (1), this rule is announced: "An assignee's right against the obligor is subject to all limitations of the obligee's right, to all absolute and temporary defenses thereto, and to all set-offs and counterclaims of the obligor which would have been available against the obligee had there been no assignment, provided that such defenses and set-offs are based on facts existing at the time of the assignment, or are based on facts arising thereafter prior to knowledge of the assignment by the obligor." This states the well-established law of Nebraska as evidenced by the cases cited.

in the Nebraska annotations, among which is *Henefin v. Live Stock Nat. Bank,* 116 Neb. 331, 217 N. W. 91. See, also, *Lincoln Nat. Bank & Trust Co. v. School District, supra,* and *State v. Platte Valley State Bank,* 128 Neb. 562, 259 N. W. 643.

But where a defendant pleads a set-off or counterclaim as in this case, which is denied, the burden of proving it is upon him. If the assignor owed defendant herein money prior to the execution of the contract as is contended, the burden is upon him to prove the same as a defense. *Ellis v. Cothran,* 117 Ill. 458, 3 N. E. 411; *Sayles v. Quinn,* 196 Mass. 492, 82 N. E. 713; *Muir v. Kalamazoo Corset Co.,* 155 Mich. 441, 119 N. W. 589.

It is the general rule that the defense of payment must be specially pleaded if it is to be relied upon. Payment is specially pleaded in this case, but it is an affirmative defense. In the instant case, payment is not established by the plaintiff's evidence. The rule is well established in this state that payment is a defense which, to be available, must be pleaded and proved. *Ashland Land & Live-Stock Co. v. May,* 51 Neb. 474, 71 N. W. 67; *Omaha Alfalfa Milling Co. v. Hallen,* 105 Neb. 193, 179 N. W. 1010; *Wyman v. Williams,* 52 Neb. 833, 73 N. W. 285.

Much of the oral argument before the bar of this court concerned the admissibility of evidence as to the notice of the assignment given the defendant. Notice is immaterial unless the party liable on the assigned contract has after the assignment acquired some defense. As to such defenses, the assignment takes effect from the time notice is given the obligor and not from the time of the assignment. In the absence of such defenses, want of notice is immaterial and is not required by our statutes.

REVERSED AND REMANDED.